## Jones v. Cox and others.

1. Where the summons varies from the declaration the court may permit the former to be amended, and it is no ground for a continuance. A variance between the declaration and the writ cannot be taken advantage of, on a motion to quash.
2. More than one note or bond may be set out in a petition in debt. The several bonds or notes may be considered as several counts.

Appeal from the Circuit Court of Benton County.

### English for Appellant.

The defendant below, and appellant in this court, contends that the court below erred:

1st. In granting permission to the plaintiffs to amend the writ of summons, by inserting the name of the third plaintiff therein, after the writ of summons had been set aside by the court.

2d. In ordering the defendant to plead at the return term, after such an amendment being made.

3d. In giving judgment upon the demurrer for the plaintiff instead of for the defendant.

### Winston for Appellee.

1st. That the court below committed no error in permitting the plaintiffs to amend their writ. See Rev. Code, 468.

2d. That the petition is not defective either in form or substance.

SEPT'R TERM,
1841.

*Opinion of the Court by Scott, Judge.*

Jones
v.
Cox & others.

The defendants in error brought suit by petition in debt against the plaintiff in error, and obtained judgment. It appears that the petition commenced by stating that the plaintiffs were the legal owners of *two notes* against the defendant, and then set out two notes and concluded in the usual form. The summons sued out on the petition omitted the name of one of the plaintiffs. At the return term of the writ, the plaintiff in error moved to set aside the writ for the variance between it and the petition ; which motion was sustained, and the court immediately thereafter gave the defendants in error leave to amend their writ by inserting the name omitted ; to which the plaintiff in error objected. The plaintiff in error then demurred specially to the petition, assigning as a cause for the demurrer, that the petition was double, in this, that it contained two causes of action in one and the same count. The demurrer was overruled, and judgment for the defendants in error, from which they have appealed to this court. The errors complained of are : the granting of leave to amend the writ, and the overruling of the demurrer. If a variance between the declaration and writ can be taken advantage of at all, it is not seen on what principle a party can avail himself of it by a motion to quash ; according to our practice the declaration is filed before the writ issues ; and the declaration being the foundation of the writ, and accompanying it, the party would look to it in order to ascertain the nature of the demand against him, and by whom it was instituted. A variance between it and the summons cannot mislead him. As to the objection that the court set aside the writ, and then gave leave to amend, this was irregular, as it appears that the court the same instant gave the party leave to amend. The proper construction of the act of the court must be, that the motion to set aside was overruled, and leave given to amend. This is the legal effect of it. For the leave to amend impliedly set aside the order quashing the writ, and as the plaintiff in error was present, and objected at the time, he cannot complain of any surprise or injury occa-

Where the summons varies from the declaration the court may permit the former to be amended, and it is noground for a continuance. Variance between the declaration and the writ cannot be taken advantage of on a motion to quash

sioned by quashing the writ, and afterwards giving leave to amend it. The court properly gave leave to the party to amend, and as the amendment was of such a nature as to produce no surprise to the plaintiff in error, he was not entitled to a continuance. As to the objection that there were two notes set out in the petition, it is not perceived on what principle it is based. Several counts on different bonds may be joined in the same declaration in an action of debt; 1 Saunders, 288 ; and in a petition in debt, the several bonds or notes may be considered as several counts.

Let the judgment be affirmed.

*SEPT'R TERM, 1841.*

Jones
v.
Cox & others.

More than one note or bond may be set out in a petition in debt. The several bonds or notes may be considered as several counts.