Gosline v. Thompson, et al.

Wm. Gosline, Plaintiff in Error, *vs.* J. C. Thompson, *et al.*, Defendants in Error.

1. *Mechanic's lien—Filing of petition—Institution of action.*—Where, in suit on mechanic's lien, the petition is filed within ninety days after the filing of the lien, the action is commenced within the meaning of the statute (Wagn. Stat., 911, § 16) and the lienor is not barred, although the writ is issued subsequent to that period.

### Error to Saline Circuit Court.

*Vance & Landow,* for plaintiff in Error, cited, Hite vs. Hunton, 20 Mo., 286; Dougherty vs. Downey, 1 Mo., 674.

*Samuel Boyd,* for Defendants in Error, cited, Wagn. Stat., 1006, § 1.

Napton, Judge, delivered the opinion of the court.

This was a suit on a mechanic's lien. The question was raised, by a motion to dismiss, whether the filing of the petition was such a commencement of the action as section 16 of the act (2 Wagn. Stat., 911) required, or whether the action must be held to have been commenced from the date of the writ issued on the petition. The fact in this case was that the petition was filed within the ninety days required, but the writ issued the next day, which was outside of the ninety days. The court dismissed the action on the ground, that under the first section of the 4th article of the Practice act (Wagn. Stat., 1067) both the filing of the petition and the suing out the writ are necessary to constitute an institution of a suit.

We think this decision erroneous. The filing of the petition is the beginning of a suit, and is all the plaintiff can do to put in motion the machinery of the law. It is the business of the clerk then to issue the writ, and his delay cannot prejudice the rights of the plaintiff, and this seems to have been the view of this court in Jones vs. Cox and others (7 Mo., 173), and Hite vs. Hunton (20 Mo., 286).

The judgment is reversed and the cause remanded. The other judges concur.