KANSAS CITY HYDRAULIC PRESS BRICK COMPANY, Respondent, v. JABEZ BARKER *et al.*, Appellants.

Kansas City Court of Appeals, May 16, 1892.

1. **Practice**: WHEN ACTION COMMENCED. Under section 2013, Revised Statutes, 1889, a suit cannot be deemed to be commenced in a court of record until the filing of the petition in the clerk's office and the suing out of the process thereon.

2. **Definitions**: SUING OUT PROCESS. The legal signification of the terms, "suing out process," is to petition for and take out, or to apply for and obtain; and should be construed to mean the delivery of the process to the sheriff or other officer for execution.

3. **Construction**: AMENDMENTS. Amendatory acts are sometimes viewed in the light of legislative interpretations, and respected by the courts as such.

4. ———: STATUTES IN PARI MATERIA. Section 6136, Revised Statutes, 1889, being *in pari materia* should be construed with section 2013, and used to explain its scope.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED.

*Kinley & Kinley,* for appellants.

(1) Under the statute regulating practice, it is declared that "the filing of a petition in a court of record, or a statement of account before a court not of record, and suing out process therein, shall be taken and deemed the commencement of a suit." R. S. 1889, sec. 2013. The statute as it stood prior to the revision of 1889 did not contain the foregoing declaration as to when a suit was begun. R. S. 1879, sec. 3485. The above was carried forward from 1848, after the code was adopted in successive revisions to 1879. R. S. 1845, p. 804; R. S. 1855, sec. 1, p. 1222; R. S. 1865, sec. 1, p. 654. (2) The amendment of 1889 should be construed in connection with the previous judicial constructions of the statutes amended, together with other statutes *in pari materia,* and all should be taken together to arrive at the meaning of the legislature. Sedgwick on Statutes & Constitutional Law [1 Ed.] 247, 250; *Rogers v. Bradshaw,* 20 Johns. 735; *United Society v. Bank,* 7 Conn. 457; *Railroad v. Brick Co.,* 85 Mo. 307. (3) The contradictory statements and decisions as to when a suit was begun, made both by the supreme court and court of appeals in this state, make the authorities on this subject absolutely irreconcilable, and the amendment to section 3485, Revised Statutes, 1879, was for the purpose of remedying this conflict, and, hence, the amendment in the light of these decisions must be regarded as a legislative interpretation, and a judicial adjustment by the legislature of previous conflicting views of the court. *State v. Dill,* 60 Mo. 433, 436. (4) Section 6136, Revised

Statutes, 1889, applying to justice's court, not a court of record, declares that the filing of the statement with the justice and delivery of process to the constable to be served to be the beginning of the suit or action. The two statutes relating to the same subject should be used to explain the scope of each other, being *in pari materia*. All acts *in pari materia* are to be taken together as if they were one law. Sedgwick on Constitutional Law, 237–250; 14 B. Mon. 266; 12 Tex. 399; *State v. Dill*, 60 Mo. 433. (5) "Suing out of process therein," must be taken in the technical sense of the expression. What is meant by "suing out?" To sue out, as defined by Webster, is "to petition for and take out;" or "to apply for and obtain," as "to sue out a writ in chancery," "to sue out a pardon for a criminal." Webster's Unabridged Dictionary, title, sue, v. t., sub-title, to sue out; Black's Law Dictionary; title, to sue out; 1 McQuillen on Pleading & Practice, note to par. 155.

*Deatherage & Young*, for respondent.

A suit is commenced, so far as the rights of the plaintiff therein are concerned, by the filing of the petition and the ordering of the summons to be issued thereon. *Dougherty v. Downey*, 1 Mo. 675; *Jones v. Cox*, 7 Mo. 173; *Lewin v. Dille*, 17 Mo. 64; *Hughes v. Hunton*, 20 Mo. 286; *Gosline v. Thompson*, 61 Mo. 471; *Spurlock v. Sproule*, 72 Mo. 503–507; *Brown v. Shrock*, 27 Mo. App. 351; *Phillips v. Broughton*, 30 Mo. App. 145–147.

SMITH, P. J.—This is an action to enforce a mechanic's lien. There was a trial and judgment for the plaintiff, to reverse which the defendants have appealed. The only question to be determined in this case is whether the suit was commenced within ninety days

after lien was filed. The facts are not disputed. The lien was filed in the clerk's office on April 4, 1890. The petition was filed July 2, 1890, being within ninety days from the filing of the lien, and the clerk was directed at the time of filing the petition to issue summons thereon according to law. The clerk neglected or omitted to issue the summons until July 8, 1890, being after the ninety days had expired. If the filing of the petition and ordering summons to be issued was a commencement of the suit, then the suit was commenced within ninety days after the filing of the lien as required by section 6720, Revised Statutes, 1889.

Prior to the revision of 1889, section 2013, page 531, Revised Statutes, 1889, read as follows: "Suits may be instituted in courts of record, except when the statute law of this state otherwise provides either, *first*, by filing in the office of the clerk of the proper court a petition setting forth the plaintiff's cause or causes of action and remedy sought, and by the voluntary appearance of the adverse party thereto; or, *second*, by filing such petition in such office and suing out thereon a writ of summons against the person or an attachment against the property of the defendant. R. S. 1879, sec. 3485. During the revision of 1889, the following was added to the above section: "The filing of a petition in a court of record, or of a statement of account before a court not of record, and suing out of process therein, shall be taken and deemed the commencement of a suit." The provisions of section 3485, Revised Statutes, 1879, were first found in the revision of 1845, and were continued in each succeeding revision until that of 1889. R. S. 1845, p. 804; R. S. 1855, sec. 1, p. 1223; R. S. 1865, sec. 1, p. 654.

In the construction of this statute in the appellate courts there has been a great want of uniformity. The decisions have been quite conflicting and confusing.

One class of cases declares that a suit under our practice act, *i. e.*, section 3485, Revised Statutes, 1879, cannot be held to be instituted by merely filing the petition in the clerk's office. The writ must go out. The service of the summons, strictly speaking, is the commencement of the suit. *Fenwick v. Gill*, 38 Mo. 525; *Herington v. Herington*, 27 Mo. 550; *Metcalf v. Larned*, 40 Mo. 571; *Baily v. McGinnis*, 57 Mo. 362; *Lewin v. Dille*, 17 Mo. 68; *Burton v. Delaplain*, 25 Mo. App. 376.

Another class holds that the filing of the petition in a cause is the beginning of a suit. *Dougherty v. Downey*, 1 Mo. 675; *Jones v. Cox*, 7 Mo. 173; *Hughes v. Hunton*, 20 Mo. 286; *Gosline v. Thompson*, 61 Mo. 471; *Spurlock v. Sproule*, 72 Mo. 503–507; *Brown v. Shrock*, 27 Mo. App. 351; *Phillips v. Broughton*, 30 Mo. App. 145–147.

Now, the legislature of 1889 must be presumed to have been aware of these conflicting constructions of this provision of the practice act. What was the legislative purpose in making the addition thereto? We must infer that the enactment was intended to accomplish some end—some purpose. Amendatory acts are sometimes viewed in the light of legislative interpretations and respected by the courts as such. This statute as amended is an emphatic declaration by the legislature *when a suit shall be deemed commenced.* The courts in some instances, as we have seen, have ruled that under the statute as it stood before the amendment that the filing of the petition *was the commencement of the suit.* Unless the amendment is declared a meaningless thing, a vain and nugatory enactment, we can see no escape from the conclusion that it meant that a suit should not be deemed commenced until the filing of a petition and suing out of process thereon. The legal signification of the terms, "suing out process," is to petition for and take out or to apply for and obtain; as

to sue out a writ in chancery or a pardon. Anderson's Law Dictionary, 989; Webster's Unabridged Dictionary, 1322.

Section 6136, Revised Statutes, 1889, a statute *in pari materia* with 2013, provides that suits may be instituted before justices of the peace by process upon *a delivery of the writ to the constable to be served.* Section 2013 in part relates to the commencement of suits before justices of the peace, and should be considered in connection with section 6136 as one law. The rule is that two statutes relating to the same object should be used to explain the scope of each other, being *in pari materia.* Sedgwick on Constitutional Law, 247, 250. Viewed in this way, the words, "suing out process," should be construed to mean the lelivery thereof to the sheriff or other officer authorized to execute the same.

In cases of this kind, suit or action is required by the statute to be begun within ninety days after the filing of the lien; otherwise it will be abated or barred. R. S., sec. 6720. In our opinion, upon the conceded facts of this case, the lien of the plaintiff was barred when its suit was commenced.

It follows, therefore, that the judgment of the circuit court will be reversed. All concur.