THOMAS C. WATKINS, Respondent, v. THE ST. LOUIS IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

53  659
083  54

53  659
167s  321

### St. Louis Court of Appeals, April 18, 1893.

Statute of Limitations: COMMENCEMENT OF ACTION. Under the present Revised Statutes (Revised Statutes, 1889, sec. 2013), an action is not commenced in a court of record until the petition has been filed and process has been sued out therein. Accordingly, to avoid the statute of limitations, it is not sufficient that the petition in such action has been filed in due time, but it is also necessary that process should actually have issued within the period limited for the commencement of the suit.

*Appeal from the Mississippi Circuit Court.*—HON. W. N. RANDOLPH, Special Judge.

REVERSED.

*Martin L. Clardy* and *Joseph J. Russell*, for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—On the fourteenth day of July, 1882, plaintiff instituted an action against the defendant for the recovery of damages arising to him from the malperformance of a contract for the transportation of two car loads of potatoes shipped from Charleston, Missouri to Chicago, Illinois. On the trial of the cause such proceedings were had that the plaintiff, on the tenth day of April, 1890, took a *voluntary* non-suit as to the count in his petition relating to one of the car loads, and recovered a judgment on the count relating to the other car load. That judgment was reversed on appeal, because there was no substantial evidence as to damages on which the jury could have based their verdict, and the cause was remanded for new trial. *Watkins v. Railroad*, 44 Mo. App. 245.

On the tenth day of April, 1891, the plaintiff filed a petition in the present action, stating therein the bringing of the former suit, his taking of a voluntary non-suit therein, and adding that he now brings his suit within one year after such non-suit. The defendant filed an answer containing a number of defenses, and, among others, the following: "That plaintiff ought not to have or maintain this suit; for the defendant avers that plaintiff did not commence this suit within one year after such non-suit was suffered, and said non-suit was taken or suffered."

Upon the trial of the cause the following stipulation was entered into between the parties:

"It is agreed by the parties to the suit that the present case is brought upon the same alleged cause of action for which suit was previously brought in the circuit court of this county in July, 1882, in which a voluntary non-suit was taken on the tenth of April, 1890, and that the present suit was filed upon the same alleged cause of action on the tenth day of April, 1891, and that the summons in the present suit on the said

last cause of action was sued out and issued on the thirtieth day of May, 1891, and served upon this defendant on the third day of July, 1891.''

The court instructed the jury upon plaintiff's request as follows: ''The court instructs you that, if you believe that plaintiff's cause of action accrued in 1882 and he took a non-suit for the same cause of action on the tenth day of April, 1890, then you shall find for the defendant, unless you shall believe that this suit was brought within one year after the date of non-suit; and, if you believe that the petition was filed on the tenth day of April, 1891, the suit was brought within one year.''

The court refused to instruct the jury upon the defendant's request that, upon all the evidence in the case, the plaintiff could not recover, and also refused to instruct the jury that, if plaintiff suffered a non-suit on the tenth of April, 1891 (1890), and the summons in this case was not issued until the twenty-fourth day of May, 1891, then the verdict should be for the defendant.

The jury found a verdict for the plaintiff, and the main assignment of error made by the appealing defendant is, that the court erred in its instructions on the statute of limitations.

We waive the question, whether the statute of limitations has been pleaded with formal accuracy in this case, since it is evident that both parties and the court tried the case on the theory that the answer sufficiently raised the plea of the statute, and that the sole question was one of interpretation of the statute. Prior to the Revision of 1889, considerable doubt arose upon the decisions in this state as to what constituted the commencement of a suit. Judge Holmes in *Fenwick v. Gill*, 38 Mo. 525, says that the service of the summons on the defendant is strictly speaking the commencement of the suit. Judge Napton on the

other hand in *Gosline v. Thompson*, 61 Mo. 471, held that the filing of the petition is the beginning of a suit, and is all that the plaintiff can do to put in motion the machinery of the law. Judge PHILIPS in *Burton v. Deleplain*, 25 Mo. App. 380, without noticing the intervening decision in *Gosline v. Thompson, supra*, re-asserts, on the authority of *Fenwick v. Gill*, that "a suit under the practice act cannot be held to be instituted by merely filing a petition in the clerk's office. A writ of summons must be sued out." In order to fix the institution or commencement of a suit at a certain day, the legislature in the Revision of 1889 added the following clause to section 3485 of the Revised Statutes of 1879: *"The filing of a petition in a court of record, or a statement or account before a court not of record, and suing out of process therein, shall be taken and deemed the commencement of a suit." A suit therefore under the statute, as it now stands, cannot be held to have been instituted until process therein has actually issued, the exact date being thus fixed by the *teste* of the clerk to the writ.

As in the case at bar it stood conceded by an agreement of record that the summons was sued out and issued on the thirtieth day of May, 1891, which was more than one year after April 10, 1890, the court should have given the defendant's instruction, that, upon the case made, the plaintiff could not recover. As the facts bearing upon the question of limitation were agreed upon, it was error for the court to submit that question to the jury. The judgment on conceded facts is a mere conclusion of law.

It results that the judgment must be reversed. As the plaintiff's cause of action under the conceded facts is barred by limitation, the cause will not be remanded.

All the judges concurring, the judgment is reversed.

*This is section 2013 of the Revised Statutes of 1889.