BECKER et al., Appellants, v. STROEHER et al.

### Division Two, February 25, 1902.

1. **Partition:** NECESSARY PARTIES: BENEFICIARY OF DEED OF TRUST. A beneficiary and trustee, in a deed of trust executed after a partition suit has been instituted, are not necessary parties to such suit. And the suit is instituted when the petition is filed and process issued thereon.

2. ———: ———: ———: CONVEYANCE AFTER SUIT FILED. A trustee and beneficiary in a deed of trust executed after a partition suit, in which the maker is a party, has been instituted, but executed and recorded before service of process upon such maker, and all persons who claim under such maker, are bound by the judgment in such

partition suit. Such beneficiary, or the purchaser at the trustee's sale, can be made parties to the partition suit if they desire, but if they fail to do so they are nevertheless conclusively bound by the partition judgment, and are thereafter precluded from asserting any claim adverse to the interests of any persons claiming under such judgment.

3. Notice: DECLARATION OF TRUST: RECORD. A declaration of trust, from which are absent all operative words of conveyance, does not pass the legal title, nor is it any part of the chain of title. Nor is a purchaser to be charged with constructive notice of a deed simply because the declaration of trust is upon record. The record of an instrument is constructive notice only when the instrument is within the line, or a part, of the chain of title.

4. Ejectment: MISJOINDER OF PARTIES: POSSESSION IN SEVERALTY. Where land in a partition suit has been set off by separate lots to various coparceners, and is held by them or their purchasers, not jointly, but in severalty, they can not be joined as defendants in ejectment on the theory that the plaintiffs, being co-tenants, were not represented in said partition suit.

Appeal from St. Louis County Circuit Court.—*Hon. R. Hirzel,* Judge.

AFFIRMED.

*R. M. Nichols* for appellants.

(1)  The trustee and the beneficiary in a deed of trust are necessary parties to a partition suit.   Reinhardt v. Wendeck, 40 Mo. 577; Dameron v. Jamison, 71 Mo. 97; Yates v. Johnson, 87 Mo. 213; Harbison v. Sandford, 90 Mo. 477; Estes v. Nell, 108 Mo. 173; Hiles v. Rule, 121 Mo. 249; Lilly v. Menke, 126 Mo. 214.   (2)  Admitting, as found by the court, that one of the owners of the deed of trust, Mr. Becker, was told by defendant Meyer that he had instituted a partition suit, there is no rule that requires the holder of a note, secured by a deed of trust, or a trustee, to inject themselves into litigation affecting the title to real estate covered by their mortgage.   They may rest secure, and have the right

to rest secure, on the principle of law that their rights can not be affected until they have had their day in court, and if litigants desire to affect their rights, it is their duty to bring them into court. Without their presence in court, so far as they are concerned, the decree in partition must be absolutely void. Hiles v. Rule, 121 Mo. 249; Hicks v. Schofield, 121 Mo. 381; Russell v. Grant, 122 Mo. 161; Lilly v. Menke, 126 Mo. 214; Landau v. Cottrill, 159 Mo. 308.

*Kehr & Titlmann, Geo. W. Lubke, Jr.,* and *F. A. C. MacManus, R. H. Stevens* and *Lange & Senn* for respondents.

(1) The petition in the partition suit was filed in the clerk's office of the circuit court of St. Louis county on the twentieth day of August, 1896. The filing of the petition is the commencement of the suit. R. S. 1899, sec. 566; R. S. 1889, sec. 2013; South Mo. L. Co. v. Wright, 114 Mo. 332; State ex rel. v. Ross, 118 Mo. 49; State ex rel. v. Ross, 122 Mo. 456; McGrath v. Railroad, 128 Mo. 1; Moore v. Ruxlow, 83 Mo. App. 53. (2) One who deals with a tenant in common, respecting the property owned by him in common with others, takes the property subject to all the equities existing between that tenant and his co-tenants. Whether plaintiffs actually knew of the pendency of the partition suit complained of by them or not, they constructively had notice of its institution and pendency, and acquired whatever rights Ponath might give them in the property in question, subject to the rights of the plaintiffs in the partition suit. Beck v. Kallmeyer, 42 Mo. App. 563; Peck v. Williams, 113 Ind. 256; Foltz v. Wert, 103 Ind. 404; McCandless Appeal, 98 Pa. St. 489; Scott v. Guernsey, 48 N. Y. 106. (3) At the time the partition suit was brought the interest in the premises claimed by appellants was vested in Ponath, and as he was a party to the suit and appellants claim under him, they are conclusively bound by the partition. R. S. 1889, secs. 7160

and 7169; Hart v. Steedman, 98 Mo. 457; Holladay v. Langford, 87 Mo. 582. (4) The judgment in partition established the title to the land. Appellants not having asserted their claim in the partition suit, are now completely barred and can not assert title against any party claiming under the partition. Forder v. Davis, 38 Mo. 115; Holladay v. Langford, 87 Mo. 582; Bobb v. Graham, 89 Mo. 207; Hart v. Steedman, 98 Mo. 1. c. 458; Ketchum v. Christman, 128 Mo. 42; Lindell R. E. Co. v. Lindell, 141 Mo. 83. (5) The possession of the defendants in the property in question is not joint, but several and adverse so far as the portion claimed by each is concerned. They could, therefore, not all be joined in one suit in ejectment. Keene v. Barnes, 29 Mo. 377.

BURGESS, J.—The petition contained two counts, one in equity to divest the title of the property in controversy out of Louis Stroeher, as trustee, and vest the same in plaintiffs and certain other beneficiaries named in the petition as co-tenants with plaintiffs, and the other count was in ejectment.

The answers of the defendants, the Mississippi Valley Trust Company, administrator of August Brueggmann, and Pearl A. Brueggmann, a minor, by the Mississippi Valley Trust Company, her duly appointed curator, Louis Gloeckner, and Louis James, were general denials.

The answers of defendants Louis Kittlaus, Ferdinand Meyer, Elias K. Moss, Joseph A. Duffy, trustee of John O'Connell, John O'Connell and Anna O'Connell, Anna Huber and Alexander Huber, her husband, are substantially the same, and deny all allegations of the petition, except that they admit that the title to the property described in the petition was conveyed, as alleged, to Louis Stroeher, in trust for Ponath, Meyer and Brueggmann, but aver that Ponath and Brueggmann were partners and that the land was conveyed to Stroeher in trust for them as partners, and allege that the same was paid for out of the funds belonging to the partnership; that Edward H.

Ponath became and is the surviving partner and as such took out letters of administration and inventoried the interest in said real estate as partnership assets; that the partnership estate was insolvent.    That on August 20, 1896, proceedings were instituted by Ferdinand Meyer and Patrick O'Connell in the circuit court of the county of St. Louis for the partition of the real estate described in the petition; that said partition was against Edward H. Ponath as administrator of Ponath & Brueggmann, and against Edward H. Ponath individually; that said partition suit progressed to final judgment, and that part of the land was set off to Louis Gloeckner, as assignee of Edward H. Ponath, and to Edward H. Ponath, subject to the rights of the partnership creditors; that in said partition suit $329.51 costs were adjudged against Edward A. Ponath and Edward H. Ponath as administrator of Ponath & Brueggmann, and Louis Gloeckner, assignee; that execution was levied upon all of the right and title of Edward A. Ponath and Edward H. Ponath as administrator, and Louis Gloeckner as assignee, and that the same was sold on April 18, 1898, part to Louis Kittlaus and part to Elias K. Moss.    That on September 1, 1896, the legal title to the real estate described in plaintiff's petition was in Stroeher, and up to said time he had executed no declaration of trust in favor of Ponath and Brueggmann, or either of them, and that on or about said last mentioned date there was filed for record an instrument purporting to be executed by Edward H. Ponath, by which he pretended to convey an undivided one-third interest in the property described in plaintiff's petition to Cyrus Hall, in trust, to secure to Antole Ruif the payment of certain notes; that a sale was advertised under the power in said deed of trust about October 25, 1897, and that plaintiffs became the alleged owners of said undivided one-third interest; that if such conveyance was actually executed by the said Edward H. Ponath, the same was executed in fact without any consideration, and was executed in fraud of plaintiff in said proceeding for partition;

and further, that the interest of said Ponath, and his privies, in the real·estate described in the petition, is subject to the rights of the creditors of the insolvent partnership of Ponath & Brueggmann.

The answer of Louis Kittlaus seeks affirmative relief to the end that "if this court find that plaintiffs have an interest in the real estate in their petition described, this court may decree such interest to be immaterial and trivial, and not entitling plaintiffs to recognition by this court for the relief prayed in their petition," and for general relief.

The answer of Ferdinand Meyer, by way of cross-action, described the property allotted to him in the partition suit, and alleges that he entered into the possession of the same, and from the time of said allotment in said partition suit has been in possession thereof, and that the plaintiffs claim some right, title or estate in said real estate adverse to the title and interest of this defendant; and he prays that the court ascertain and define his said title to said real estate, and for other and further relief.

The answer of Joseph A. Duffy, trustee, et al., also prays the court to ascertain the estate, title and interest of plaintiffs and define the same and determine the right of the defendants and adjudge by its decree the estate of all parties and the several interests therein.

The reply to the new matter contained in the several answers, after a general denial, sets up the fact that the plaintiffs had no notice of the interest of Edward H. Ponath being partnership property, if the same was or is property of the partnership formerly composed of Ponath & Brueggmann.

The count in equity seems to have been abandoned, as there was no finding or judgment upon it by the trial court, nor is any point made upon it in this court.

The issues on the count in ejectment were submitted to the court, a jury being waived, who refused all declarations of law asked by the respective parties, found for defendants,

and rendered final judgment in their favor.    The case is before us on plaintiffs' appeal.

The facts as disclosed by the record are substantially as follows:

On the twenty-eighth of June 1892, the legal title to the land in question was vested in the defendant Louis Stroeher by deed of record, he having acquired said title by sheriff's deed in a partition suit, the granting part of which is in the following words: "Do assign, transfer, convey and set over unto the said Louis Stroeher his heirs and assigns," etc.

On the twenty-ninth day of October, 1895, Louis Stroeher executed an instrument of writing, recorded January 31, 1899, which contains the following provision:

"And whereas, the considerations in the said conveyance [meaning the sheriff's deed in partition above referred to] or any part thereof, was not paid by me, and the real estate hereinafter described was purchased by me at said sale, and said conveyance was made to me, for the sole use and benefit of Edward H. Ponath, August Brueggmann and Ferdinand Meyer, each of whom was entitled to a one-third interest therein; and, whereas, the said Ferdinand Meyer, for a sufficient consideration, afterwards conveyed, in writing, an undivided one-sixth interest in said property, being one-half of his aforesaid one-third interest therein, to John Heusner, of the city of St. Louis; and, whereas, the said John Heusner afterwards for a valuable consideration conveyed to Patrick O'Connell of No. 2917 Spring avenue, in the city of St. Louis, State of Missouri, the said undivided one-sixth interest and part of said real estate, acquired by him from said Ferdinand Meyer, as aforesaid, and the said Patrick O'Connell is now the owner of the said undivided one-sixth of an interest in said real estate; and, whereas, it is deemed proper, by way of further assurance to the said Patrick O'Connell, that the said Stroeher, Meyer and Heusner should by an instrument by them executed solemnly declare and state the foregoing facts.    .    .

. . . Know all men by these presents, that we, the said
Louis Stroeher, of the city of St. Louis and State of Missouri,
and the said Ferdinand Meyer, of the city of St. Louis and
State aforesaid, and the said John Heusner, of the city of St.
Louis and State of Missouri, for and in consideration of the
facts aforesaid and of the sum of five dollars to us in hand
paid by the said Patrick O'Connell, the receipt of which is
hereby acknowledged, do by these presents grant, convey, quit-
claim and release unto the said Patrick O'Connell an undi-
vided one-sixth of the lots, lands and real estate hereinbefore
in this deed described."

On the twentieth of August, 1896, there was filed in the
circuit court of St. Louis county a partition suit, wherein
Patrick O'Connell and Ferdinand Meyer were plaintiffs, and
Edward H. Ponath, Edward H. Ponath, administrator of the
partnership estate of Ponath & Brueggmann, and Mississippi
Valley Trust Company, administrator of the estate of August
W. Brueggmann, deceased, and Adolphine Brueggmann, Pearl
A. Brueggmann, and Louis Stroeher, were made defendants;
which petition was in the ordinary form seeking the partition
of real estate.   To the introduction of this, plaintiffs objected
on the ground that they were not parties to said suit, and on
the further ground that the deed of trust under which they
claim was delivered to them before the suit became a *lis pen-
dens*, it becoming a *lis pendens* on April 2, 1896.   Which
objection was overruled and exception duly saved.

Summons was issued on this petition to the sheriff of the
city of St. Louis on the twenty-seventh day of August, 1896,
commanding him to summons Edward H. Ponath, and Edward
H. Ponath administrator of the partnership estate of Ponath
& Brueggmann, the Mississippi Valley Trust Company, ad-
ministrator of August W. Brueggmann, Adolphine Bruegg-
mann, Pearl A. Brueggmann and Louis Stroeher.

During the pendency of that suit, Louis Gloeckner, claim-
ing to have bought Ponath's interest in the premises at an

execution sale, was made a party to the suit upon his application, and in the report of the commissioners and the final decree, Ponath's interest was assigned to him. As neither he nor Ponath paid his proportion of the costs, the two parcels assigned to the Ponath interest were sold under the execution in the case and bought respectively by the respondents Kittlaus and Moss.

On the twenty-eighth day of August, 1896, Edward H. Ponath conveyed all of his right, title and interest, described as an undivided one-third, in the property described in the petition, to Cyrus Hall, as trustee, to secure to Antole Ruif three notes, dated St. Louis county, Missouri, August 28, 1896, payable to the order of Antole Ruif, at the office of Choumeau & Dosenbach, one for the sum of $5,000, due one year after date, one for $150, due six months after date, and one for $150, due twelve months after date, all of which were indorsed by Antole Ruif. Said deed of trust was recorded in the office of the recorder of St. Louis county on the first day of September, 1896, at nine o'clock a. m., in book 87, at page 483.

After these notes and deed of trust were executed, and before the deed of trust was acknowledged, they were by Edward H. Ponath placed in an envelope and turned over to one Christ Bockelbrink, and on this envelope there was an indorsement made that they were to be held by Bockelbrink for the use of plaintiffs Becker and Gerber, Becker having an interest to the extent of $1,500, and Gerber to the extent of $3,500.

On the twenty-eighth or twenty-ninth of August, 1896, plaintiffs were notified by Edward H. Ponath that he had made the deed of trust, in accordance with his previous promise, and that the same had been deposited with Bockelbrink for their use.

Plaintiffs in this case were not made parties to the partition suit, and while the record does not show that any answers

were filed, an interlocutory decree was entered in said cause on February 25, 1897, appointing commissioners, who subsequently, and in due course made a partition of the real estate in question, allotting 16.059 acres to Patrick O'Connell, 13.828 acres to Ferdinand Meyer, 7.481 acres to Adolphine Brueggmann, and 2.082 acres to Louis Gloeckner, who, on April 10, 1897, sought to be made a party to said partition suit on the ground that he had purchased the interest of Edward H. Ponath, and was made a party.

To the admission in evidence of the decree and the report of the commissioners and the accompanying plat, and the confirmation thereof, plaintiffs objected, on the ground that they were not parties to the said partition proceeding, and for the further reason that at the date of the receipt of the deed of trust no notice of said suit had been given to their grantor; which objection the court overruled, to which ruling the plaintiffs at the time duly excepted.

In said partition suit there was an award of costs against Edward H. Ponath, Edward H. Ponath, administrator of the partnership estate of Ponath & Brueggmann, and his assignee, Louis Bloeckner, in the sum of $329.51. Execution was issued against said Edward H. Ponath and Edward H. Ponath, administrator of the partnership estate of Ponath & Brueggmann, for said sum, and pursuant to the mandate of said execution, the sheriff of the county of St. Louis levied upon and seized all of the right, title and interest of Edward H. Ponath, and Edward H. Ponath administrator of the partnership estate of Ponath & Brueggmann, in the property hereinbefore referred to as set out to him and his assignee, and sold the same to Elias K. Moss and Louis Kittlaus, defendants herein, on the eighteenth of April, 1898. To the introduction and admission of the execution and the advertisement of sale thereunder, and the deeds made pursuant thereto, plaintiffs objected on the ground that they were not parties to said partition suit, and that the same did not become a *lis pendens* until plaintiffs

had received said deed of trust; and on the further ground that the said execution, and the sale thereunder, purported to be a conveyance of the interest of the administrator as such in the partnership estate, and for that reason the same was void.

On Monday, the fifth day of October, 1897, between the hours of ten o'clock a. m., and three o'clock p. m. the said trustee, Cyrus Hall, in said deed of trust, dated August 28, 1896, and recorded in book 87, at page 483, of the recorder's office of St. Louis county, on the first of September, 1896, by virtue of the power in him vested, sold all the right, title and interest of Edward H. Ponath in and to an undivided one-third of the property described in the petition, and at said sale said plaintiffs, C. J. Becker and Edward Gerber, were the highest and best bidders therefor, and pursuant thereto the said trustee made, executed and delivered to them a deed of said property, which was duly recorded in the recorder's office of St. Louis county on the twenty-fifth day of October, 1897.

It seems that C. J. Becker did not know of the partition suit until after November, 1896. The testimony of plaintiff Becker as to conversations with defendant Ferdinand Meyer, with reference to the partition suit being filed, is as follows:

"Q. Do you remember having a conversation with Ferdinand Meyer with reference to this property, some property, prior to the first of September, or about the first of September? A. He may have spoken to me about the North and South road property.

"Q. Didn't he tell you he had instituted a suit for partition about that time? A. No, sir; I had not seen Mr. Meyer for a month prior to—probably a month and a half before that.

"Q. What conversation did you have with him about the first of September? A. I don't think I ever spoke to him about the first of September.

"Q. Do you remember that? A. I am positive.

"Q. Didn't he tell you he was suing Ponath about that property? A. No, sir; positively he did not until this day."

Ferdinand Meyer testified as follows:

"Mr. Becker and I, on several occasions, went away from the office by ourselves, and we, on several occasions, drifted into the troubles that we got in, at least I mentioned what caused me to come there so often, and I noticed he also had grievances—he could not get straightened out; and I told him exactly my mission, what I was there for and why, and what I calculated to do if things were not squared up; and on about the twentieth of August, 1896, I remember going with, especially with Mr. Becker, and we walked together as far as a Broadway cafe, up on Fifth and Chestnut, Pine and Broadway, and we went in there and had a glass of beer, or a glass of wine, I don't know which. I then told him I had entered suit for partition.

"Q. Of what? . A. Partition of the land on the North and South road.

"Q. How long was that after the suit had been brought? A. It was about—a day or two; not any longer.

"Q. What did he say to that? A. He made no remark."

On his cross-examination the following occurred.

"Q. Did you make any note of the time you had this conversation with Becker? A. No.

"Q. Did you set it down in any book or memorandum? A. No, sir. . . .

"Q. Did he say that Ponath agreed to give him security. . A. No, sir.

"Q. Mr. Meyer, what makes you know so positively that this conversation with Mr. Becker was on the twentieth day of August? A. I didn't say it was on the twentieth of August. I said it was the day following that we filed suit, and I think the suit was filed on the twentieth.

"Q. And it was the day following? A. Yes, sir.

"Q.   And that is the way you happen to remember that?
A.   Yes.

"Q.   When you told Mr. Becker that you had brought the partition suit, had you gone into the details of your transactions with Mr. Becker?   A.   No, sir.

"Q.   Acquainted Mr. Becker with all the details of your transaction?   A.   No, sir.

"Q.   Simply told him that you had brought the partition suit?   A.   Yes, sir; for this land on the North and South road.

"Q.   Did you describe it to him?   A.   He apparently knew it.   .   .   .

"Q.   Now, you are sure that you told Mr. Becker that you had brought suit the first or second day after you had done so?   A.   Yes, sir.

"Q.   And yet you made no data or memorandum to that effect?   A.   I did not.

"Q.   And have never thought of it until this time—until this suit was filed?   A.   I thought of it ever since.

"Q.   You have been refreshing your memory on it ever since?   A.   I considered over it a great many times."

Plaintiffs offered the following declarations of law.

"The court declares the law to be that if it finds from the evidence that on or about the twenty-eighth day of June, 1892, the defendant, Louis Stroeher, became seized and possessed of a two-thirds interest in trust of the property described in the petition, for the use and benefit of the partnership composed of E. H. Ponath and Aug. Brueggmann, known as Ponath & Brueggmann, and that said trust was manifested and proved by a writing signed by said Louis Stroeher; and further finds that on or prior to the first day of September, 1896, E. H. Ponath made, executed and delivered to plaintiffs herein, or some one for them, a conveyance in trust to Cyrus Hall of all his right, title and interest in and to an undivided one-third interest in the property described in the

petition, for the purpose of securing to plaintiffs, or some one for them, the payment of his certain promissory notes of even date with said deed of trust, one for $5,000 and two semi-annual interest notes, which plaintiffs had received for value, and that said deed of trust was recorded in the recorder's office of the county of St. Louis, on September 1, 1896; and further finds and believes from the evidence that at the date of receiving said notes and deed of trust the plaintiffs herein had no notice that the said interest in said property described in the petition was partnership property or that the same would be required to answer in the payment of partnership obligations; and further finds and believes from the evidence that on or about, to-wit, the twenty-fifth day of October, 1897, the said Cyrus Hall, trustee under said deed of trust, acting under the power given him in said deed of trust, after due notice of such sale by advertisement in accordance with the provisions thereof, sold to the plaintiffs all of the right, title and interest belonging to said Ponath in and to the property described in plaintiff's petition; and further believe and find from the evidence that the service of summons in said partition suit of Patrick O'Connell et al. v. E. H. Ponath et al. was not made upon E. H. Ponath until the second day of September 1896, then the verdict and finding must be for the plaintiffs.

"The court declares the law to be that if it finds from the evidence in this case that on or about the twenty-eighth day of June, 1892, the defendant, Louis Stroeher, became seized and possessed, in trust, of the property described in the petition, for the use and benefits of E. H. Ponath, Aug. Brueggmann, and Ferdinand Meyer, as tenants in common, for each an undivided one-third interest therein, and that said trust was manifested and approved by a writing signed by said Louis Stroeher; and further find that on or prior to the first day of September, 1896, said E. H. Ponath, made, executed and delivered to plaintiffs herein or someone for them, a conveyance in trust to Cyrus Hall of all of his right, title and

interest in and to the undivided one-third of the property described in the petition, for the purpose of securing to plaintiffs herein the payment of his certain promissory notes of even date with said deed of trust, for $5,000 and semiannual interest notes, which plaintiff held for value on that date, and that said deed of trust was duly recorded in the recorder's office of St. Louis county on, to-wit, September 1, 1896; and further find and believe from the evidence that thereafter and on or about the twenty-fifth day of October, 1897, the said Cyrus Hall, acting under the power given to him in said deed of trust, after due notice of such sale by advertisement, in accordance with the provisions of said deed of trust, sold to the plaintiffs all of the right, title and interest belonging to said Ponath, in and to the property described in plaintiff's petition; and further believe and find from the evidence that service of summons in the partition suit of Patrick O'Connell et al. v. E. H. Ponath et al., was not made upon E. H. Ponath until the second day of September, 1896; then the verdict must be for the plaintiffs in this case."

Which declarations the court refused, to which refusal the plaintiffs, by their counsel, then and there duly excepted at the time.

It is well settled in this State that the beneficiary and trustee in a deed of trust executed upon land the subject of partition, prior to the institution of a suit for that purpose, are proper parties to such suit (Reinhardt v. Wendeck, 40 Mo. 577; Dameron v. Jameson, 71 Mo. 97; Yates v. Johnson, 87 Mo. 213; Harbison v. Sanford, 90 Mo. 477; Estes v. Nell, 108 Mo. 172; Hiles v. Rule, 121 Mo. 248; Lilly v. Menke, 126 Mo. 190), but no such rule prevails with respect to a beneficiary or trustee, in a mortgage or deed of trust executed after a partition suit has been instituted.

The suit in partition in question in this case was begun on the twenty-seventh day of August, 1896, when the petition was filed and process issued thereon (sec. 2013, R. S. 1889;

Kansas City Press Brick Co. v. Barker, 50 Mo. App. 60; Watkins v. Railroad, 53 Mo. App. 659), and, in so far as the defendant Ponath therein named and all who claim under him, including the plaintiffs in that suit, are concerned, the judgment therein rendered is binding upon them, and all persons claiming under them. [Sec. 7160, R. S. 1889; Hart v. Steedman, 98 Mo. 452; Holladay v. Langford, 87 Mo. 577.]

The mortgage under which plaintiffs claim was executed and recorded on the first day of September, 1896, at which time the partition suit was pending and to which Ponath their grantor was a party, and if plaintiffs had desired to become parties to said suit it was their privilege under the statute to have themselves so made, but having failed to do so, they are in no position to complain. This was the course pursued by Louis Gloeckner, who claimed to have bought Ponath's interest in the property at sheriff's sale under execution.

The statute provides that a sale in partition, "shall be a bar against all persons interested in such premises who shall have been parties to the proceedings, and against all persons claiming from such parties, or either of them" (R. S. 1889, sec. 7169) and as plaintiffs claim under Ponath who was a party to the partition suit, they are conclusively bound by the judgment therein. [Holladay v. Langford, 87 Mo. 577; Hart v. Steedman, 98 Mo. 452.]

As plaintiffs failed to set up their rights in the partition suit they are now precluded from asserting or setting up any interest or claim adverse to the interests of any and all persons claiming under the judgment in that suit.

With respect to the quitclaim deed of Myers' interest from Stroeher et al. to O'Connell, it is claimed by defendants that the recitals therein contained did not of themselves operate to divest the legal title to any of the remaining property out of Stroeher, and to vest the legal title to any portion thereof in

Vol 167 mo—21

Ponath, so as to place him in the *chain of title* and enable him to execute a legal conveyance the record of which imparted constructive notice to the plaintiffs in the partition suit; that while the recitals therein were "sufficient proof in writing of the trust," that proposition only makes the recitals evidence in a proceeding to prove and enforce the trust against the trustee and those having notice of the equities, and does not make the recitals of themselves operate to divest the legal title out of Stroeher and vest it in Ponath; that the legal title (to the undivided interest not quitclaimed to O'Connell) was not conveyed by or divested out of Stroeher and vested in Ponath.

There are no operative words of conveyance in the declaration of trust to pass the legal title to any interest in the property to Ponath, which were absolutely necessary to pass legal title, for there must be words used showing an intention to grant an estate in order to pass title (McKinney v. Settles, 31 Mo. 541; Lane v. Ewing, 31 Mo. 86), in the absence of which no legal title will pass, and being not within the chain of title the instrument was insufficient to impart notice to a purchaser. No deed of conveyance, or instrument of writing of any kind, not within the line of the chain of title, will impart notice to a purchaser. [Tydings v. Pitcher, 82 Mo. 379.] A purchaser is not to be charged with constructive notice of a deed simply because the declaration of trust is upon record, but in order that he may be charged with such notice it must be within the line of the chain of title.

There was no evidence that the plaintiffs in the partition suit had actual notice of the deed of trust by Ponath before the service of the summons on him in that suit. The judgment in that suit. which became final on the confirmation of the report of the commissioners, fixed the rights of the parties thereto, and is binding upon them and all persons claiming by, through or under them.

The possession of the defendants of the property in ques-

tion is not joint, but is held in separate and distinct lots by the respective defendants. They were therefore improperly joined as defendants in this action.

Plaintiffs could only have recovered upon showing a legal title to all or some part of the land sued for, and having failed to do so, the judgment must be affirmed. It is so ordered. All concur.