## MOUND CITY CO. v. CASTLEMAN et al.

(Circuit Court, W. D. Missouri, Central Division. February 11, 1910.)

1. COURTS (§ 492*)—STATE AND FEDERAL COURTS—ORIGINAL JURISDICTION—PRIORITY OF ATTACHMENT.

Where the highest court of a state, construing her process statute, had held that the filing of the petition in the clerk's office was the institution of the suit, the filing of a petition in partition in the clerk's office of the state court of original jurisdiction, in the county where the land was situated, conferred exclusive jurisdiction on such court having jurisdiction to partition the land, precluding a subsequent suit in the federal courts, regardless of the time of service of process on the parties in the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1345; Dec. Dig. § 492.*]

2. ACTION (§ 64*)—COMMENCEMENT OF SUIT.

A suit in equity is commenced by filing the bill of complaint.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 730; Dec. Dig. § 64.*]

3. COURTS (§ 498*)—STATE AND FEDERAL COURTS—JURISDICTION—RES.

It is not essential to the exclusive jurisdiction of a state court in which a suit for partition is first instituted, as against the federal courts, that there should have been an actual seizure or specific lien fixed on the res.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1387–1396; Dec. Dig. § 498.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. LIS PENDENS (§ 25\*)—PENDENTE LITE PURCHASER—CORPORATION.**

Where C., with knowledge of the institution of a suit against him for partition, left the state to avoid service and caused a corporation which he controlled to be organized in New Jersey, to which he conveyed his interest in the land in exchange for most of the corporation's stock, the corporation was a pendente lite purchaser with notice and bound by the judgment.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 47–57; Dec. Dig. § 25.\*]

**5. JUDGMENT (§ 460\*)—FRAUD—PLEA.**

Where fraud is charged as ground for relief against a judgment, the judgment cannot be pleaded by a pure plea in bar of the bill, but the plea, besides setting up the judgment, must deny the fraud or other circumstances on which the judgment is sought to be impeached.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 889; Dec. Dig. § 460.\*]

**6. EQUITY (§ 213\*)—HEARING ON BILL AND ANSWER.**

Where a verified answer was filed to a bill, and complainant set the case down for hearing on the pleadings and record without a replication, the averments of the answer are to be taken as true.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 486; Dec. Dig. § 213.\*]

**7. JUDGMENT (§ 479\*)—CONCLUSIVENESS—COLLATERAL ATTACK.**

A judgment of a court having jurisdiction is conclusive against collateral attack in any other court, whether it be a judgment in a proceeding at law or in equity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 913–915; Dec. Dig. § 479.\*]

**8. PARTITION (§ 49\*)—PETITION—AMENDMENT.**

Where, pending suit for partition, certain of the parties in interest made conveyances and put deeds of trust on their shares, complainant was authorized by Rev. St. Mo. 1899, § 667 (Ann. St. 1906, p. 685), to make the grantees and beneficiaries of such conveyances under deeds of trust parties by amendment to the petition, though they were not necessary parties.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 133, 134; Dec. Dig. § 49.\*]

**9. JUDGMENT (§ 713\*)—CONCLUSIVENESS—ISSUES CONCLUDED.**

Since Rev. St. Mo. 1899, § 4378 (Ann. St. 1906, p. 2414), vested the court with full jurisdiction in a partition proceeding to determine the effect of alleged advances made to one of the defendants by the common ancestor, a decree fixing the rights of the parties was conclusive of such question under the rule that a decree is not only conclusive of every matter actually litigated, but also as to any other admissible matter which might have been litigated and determined.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1241; Dec. Dig. § 713.\*]

In Equity. Suit by the Mound City Company against Robert H. Castleman and others. Bill dismissed.

This controversy grows out of the partition of certain lands situate in Cooper county, Mo., belonging to David Castleman at the time of his death in January, 1907. He left surviving him his widow, the defendant Ida May Castleman, who was his second wife, and his two sons, defendants Robert H. Castleman and Ben T. Castleman. On March 20, 1907, Robert H. Castleman instituted a suit in the circuit court of Cooper county, Mo., against said Ida May Castleman and Ben T. Castleman for the partition of said lands among them. Summons was issued thereon March 25, 1907, which as to Ida May Castleman was directed to the sheriff of Cooper county, where she then re-

sided, and was promptly served upon her. The summons as to Ben T. Castleman was directed to the sheriff of the city of St. Louis for service, where he then resided, and was engaged in the practice of law. The sheriff was unable to serve him until perhaps May, 1907. While said process was in the hands of the sheriff of St. Louis county, the said Ben T. Castleman, on the 30th day of March, 1907, executed a deed of conveyance of his interest in said lands to the complainant, Mound City Company, a corporation which he had organized in the state of New Jersey. The consideration of said conveyance was the issuing to him of practically all the stock of said company. Thereafter, on the 2d day of May, 1907, he caused to be filed in this court a bill in equity in the name of the said Mound City Company against the said Robert H. Castleman and Ida May Castleman, setting out its acquisition of the interest of said Ben T. Castleman in said lands, and praying for partition thereof. To this bill the said Robert H. Castleman and Ida May Castleman appeared and filed plea setting up the pendency of said partition suit in the state court. When that matter came up for hearing, the then presiding judge of this court made an order suspending the hearing of said plea until the final determination of the suit in the state court. At the next term of court the complainant filed motion to have said order vacated, which was denied. This was repeated at the next term of court, before another judge then presiding, which was denied.

In October, 1907, an amended petition was filed in the case pending in the state court, making one Whitlow the trustee, and one Chilton beneficiary, under a mortgage on part of this land existing at the time of the death of David Castleman. Thereafter, on the 29th day of October, 1907, in the Cooper county circuit court, an order was made fixing a special day for the hearing of the partition suit pending in that court, and directing the clerk to notify said Ben T. Castleman thereof, which was done. On the 2d day of November, 1907, said Ben T. Castleman sent an answer to the clerk of the Cooper county circuit court disclaiming any interest in the land, which was filed in said court on the 9th day of November, 1907. That suit proceeded to interlocutory judgment in partition, and on the 19th day of November, 1907, notice was served on Ben T. Castleman by the commissioners appointed therein, advising him of the time of their meeting, to wit, November 25, 1907, to make said partition. The report of the commissioners was made on November 30, 1907, which was confirmed and final judgment rendered therein November 28, 1907. After said assignment in partition, the said Ida May Castleman · and Robert H. Castleman were put in possession of their respective portions of the land, which they have proceeded to make conveyances of and put deeds of trust upon.

After all these occurrences, at the March term of this court, 1909, the complainant was permitted to file herein supplemental bill, restating the averments of the original bill, and charging that certain advancements had been made to said Robert H. Castleman in the lifetime of his father, and making indiscriminate charges of irregularities and frauds in the proceedings in the state·court leading up to the rendition of judgment, and in the proceedings of the commissioners in making the allotment of the lands, and various other matters not material to the decision of the case.

Said Ben T. Castleman made himself a party defendant to this amended bill, and made answer under oath, doubtless with the mind to make it effective as an admission of all the material allegations of the bill against the defendants.

Thereafter, on the 27th of July, 1909, on application of the complainant, the clerk set down the case for hearing on the pleadings, and in this condition of the record the· case has been argued and submitted to the court.

Ben T. Castleman and Chester Krumm, for complainant.

W. M. Williams and John Cosgrove, for defendants, except Ben T. Castleman.

PHILIPS, District Judge (after stating the facts as above). Lying at the very threshold of this case is the question: Was not the jurisdiction of the state court over the subject-matter of this controversy exclusive of the jurisdiction of this court? By the state statute (chap-

ter 53, art. 1, p. 1051, vol. 1, Rev. St. 1899 [Ann. St. 1906, pp. 2409–2430]), jurisdiction was conferred upon the circuit court of Cooper county, Mo., where the land is situate, to partition it among the heirs. It is the settled rule, by the highest court of the state in construing the process statute, that the filing of the petition in the clerk's office is the institution of suit. Moore v. Ruxlow, 83 Mo. App. 51; Becker v. Stoeher, 167 Mo. 306, 66 S. W. 1083; Holloway v. Holloway, 103 Mo. 283, 15 S. W. 536; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811; Gosline v. Thompson et al., 61 Mo. 471.

"A suit in equity is commenced by filing a bill of complaint." Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667.

Jurisdiction, therefore, in partition, over the land in question, had vested in the said Cooper county circuit court before Ben T. Castleman conveyed his interest in the land to the complainant company, and, of course, prior to the institution by it of the suit in this jurisdiction. It is a well-settled rule of law that the jurisdiction of the state court over the res, i. e., the subject-matter of the partition of this land, was exclusive of that of every other court subsequently undertaking to exercise such jurisdiction; this for the obvious reason that as the judgment to be rendered by the court first in time to be effective must operate upon the land itself, the control and possession of which is essential to accomplish the very ends of the proceeding. Freeman on Co-Tenancy & Par. (2d Ed.) § 423; Vowinckel v. Clarke (C. C.) 162 Fed. 991; Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667.

It is not essential to such exclusive jurisdiction that there should have been any actual seizure or specific lien fixed upon the land. Farmers' Loan & T. Co. v. Lake St. Ele. R. R. Co., supra; Westfeldt v. North Carolina Mining Co., 166 Fed. 706, 92 C. C. A. 378; Gaylord v. Railroad Co., 6 Biss. 286, Fed. Cas. No. 5,284.

So, Judge Sanborn, in Sullivan v. Algrem, 160 Fed. 366–369, 87 C. C. A. 318, 321, said:

"The legal custody of specific property by one court of competent jurisdiction withdraws it, so far as necessary to accomplish the purpose of that custody, until that purpose is completely accomplished from the jurisdiction of every other court. The court which first acquires jurisdiction of specific property by the lawful seizure thereof, or by the due commencement of a suit in that court, from which it appears that it is, or will become, necessary to a complete determination of the controversy involved, or to the enforcement of the judgment or decree therein, to seize, charge with a lien, sell, or exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court, and entitled the former to retain the control of it requisite to effectuate its judgment or decree in the suit free from the interference of every other tribunal."

Nor does it matter that Ben T. Castleman conveyed his interest in the land to the complainant company before service of process upon him. The conveyance was made pendente lite, and the complainant took subject to the judgment after it was rendered in the pending suit. Becker v. Stoeher, 167 Mo. 306, 66 S. W. 1083; Holloway v. Holloway, 103 Mo. 283, 15 S. W. 536; Hart v. Steedman,

98 Mo. 453, 11 S. W. 993; Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., supra.

When the defendants to the original bill of complaint answered, setting up the pendency of the suit in partition in the state court in bar of the suit in this court, the complainant had that plea set down for hearing. On the hearing thereof, Judge Lewis, then sitting, on the suggestion that, non constat, the plaintiff in the suit in the state court might dismiss it, he ordered a stay of the suit in this court until the final disposition of that pending in the state court. After two unsuccessful efforts before other judges to have said order of Judge Lewis' vacated, and after the suit in the state court had proceeded to final judgment, the complainant did not wait for additional plea by the defendants, suggesting to the court that said suit in the state court had so proceeded to final judgment, but evidently impressed with the fact that it could not maintain the suit in this court while the judgment of the state court remained in force, constituting an effectual bar, it filed herein what its counsel terms a "supplemental bill," in which, after restating the facts alleged in the original bill, copying therein the original bill, pleaded matters which in its view would avoid the effect of the proceedings in the state court, and open up the case in the state court after final judgment for relitigation in this jurisdiction. Having obtained leave to file said supplemental bill of complaint, the defendants were required to make answer thereto; in which answer they pleaded in detail the proceedings in the suit in partition in the state court, leading up to and culminating in the final judgment, as authorized thereto by statute, with or without the permission granted by this court in the order aforesaid. The supplemental bill of complaint disclosed on its face that the cause in the state court had proceeded to final judgment. The answer denied specifically each material allegation of the supplemental bill of complaint, which charged the defendants and their counsel with certain irregularities and undue influence in the proceedings in the state court leading to the final judgment, also denying what is claimed to have been an unfair and inequitable division of the property by the commissioners, and the other new matters advanced in the bill.

Counsel for the complainant in his brief challenges the right of the defendants to plead the suit and judgment in the state court in bar, and also to take issue on the allegations of new matter set forth in the bill of complaint, on the ground that such special matter of defense cannot be combined with the plea in bar. I do not so understand the rule of pleading in equity. Story on Equity Pleading, § 784, asserts the rule as follows:

"If there is any charge of fraud, or if other circumstances are shown by the bill, as a ground for relief (against a suit or judgment), the sentence or judgment cannot be pleaded, by a pure plea, in bar of the bill. But the plea must, besides setting up the sentence or judgment, proceed by suitable averments to deny the fraud or other circumstances upon which the sentence or judgment is sought to be impeached; and thus put them in issue by the plea. And it must also be supported by a full answer to the special charges in the bill."

The answer, duly verified, has followed this rule. Without replying to the answer, complainant's counsel had the case set down for

hearing on the pleadings and record. I understand the settled rule in equity to be that, where the complainant thus has the case set down for hearing, the averments of the answer are taken as true; especially so when under oath. It admits all the matters well pleaded, and only raises the question of the legal effect and sufficiency thereof. 1 Rose, Fed. Pro. § 1005; 2 Bates, Fed. Pr. § 680, p. 626.

So, it not only appears on the face of the pleadings that the suit in partition in the state court proceeded to final judgment, but every allegation designed or intended by the supplemental bill to impeach and avoid the validity of the proceedings and judgment in the state court were put in contestation by the answer. Without filing any replication thereto, and without taking any testimony whatever to sustain the controverted averments of the bill of complaint, the complainant had the case set down for hearing, asking for final decree in its favor.

It can make no difference that the judgment of the state court under the state statute was a proceeding at law. Story, in his work on Equity Pleading (section 786), declares that:

"Where a court not only possesses jurisdiction over a particular cause, but that jurisdiction is of a peculiar and exclusive nature, its sentence or decree, ex directo, in a matter properly recognizable there, is conclusive, whenever the same matter shall come in question collaterally in any other court, whether it be a court of law or a court of equity."

The bill of complaint charges that the suit in the state court was abandoned, and then proceeds to disclose by the supplemental bill the fact that that suit proceeded to final judgment. The answer, however, denied the allegation of abandonment, and the complainant has furnished no evidence to sustain it. On the contrary, the whole record of the proceedings in the state court, which is before this court filed as an exhibit with depositions taken herein, shows that there was no dismissal or abandonment of the original suit. The record only shows that there was an amendment of the original petition in the state court, making parties defendant the trustee and beneficiary in the deed of trust executed on the lands by David Castleman. This amendment was permissible under the state Code (1 Rev. St. 1899, § 667 [Ann. St. 1906, p. 685]).

It is a well-recognized rule of law that:

"An amendment to a bill of complaint, after a purchase or the acquisition of other rights pendente lite, which does not alter the cause of action, does not affect the lis pendens, since it relates back to the filing of the original bill." Gaylord v. Railway Co., 6 Biss. 286, Fed. Cas. No. 5,284; 25 Cyc. 1473, and citations.

Furthermore, while proper parties to the suit in partition, such new defendants were not necessary parties. Stevens v. Stevens, 172 Mo., loc. cit. 33, 72 S. W. 542.

The complainant, evidently by its bill, seeks to maintain the right to go into a court of equity, notwithstanding the anterior proceedings in the state court, by alleging advancements made to one of the defendants by the common ancestor. Under the state statute, the circuit court of Cooper county, Mo., was vested with full authority to entertain therein jurisdiction respecting such contention as to any ad-

vancement made to the heir. 1 Rev. St. Mo. 1899, § 4378 (Ann. St. 1906, p. 2414); Gunn v. Thurston, 130 Mo. 339, 32 S. W. 654; Green v. Walker, 99 Mo. 68, 12 S. W. 353.

The complainant, through its president, Ben T. Castleman, having full knowledge of said proceeding in partition in the state court, could have set up the alleged claim respecting the advancement and had the matter litigated therein. Having failed to do so, that does not give the complainant any standing in an independent suit in equity to have such claim asserted. A judgment rendered upon the merits is an absolute bar to a subsequent action. "It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." If any matter competent in defense was "not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence." Cromwell v. County of Sac, 94 U. S., loc. cit. 352, 24 L. Ed. 195.

As already shown, if the complainant be regarded as a distinct legal entity, endowed with power to sue and be sued as a corporation, it became a purchaser of the interest in the land of Ben T. Castleman pending the partition suit in the state court, and, as such, was as much bound by the judgment therein as its assignor. It is not to be entertained that this complainant in any sense sustains the relation of an innocent purchaser for value. The answer alleges, and it is not denied by the pleadings, that Ben T. Castleman, with knowledge of the fact that the writ of summons was in the hands of the sheriff of St. Louis county for service on him, concealed himself or avoided service. He went at once to the state of New Jersey and caused to be organized the complainant company, or at least conveyed to it, as the bill of complaint discloses, his interest in the real estate in question as its asset, in consideration of the stock of the company therefor. The corporation was nothing more than a holding corporation for Ben T. Castleman, and in this litigation it is but his alter ego. He elected himself president, going through the usual form of having some local persons holding nominal stock elected directors. Whereupon he at once caused to be instituted this suit in the name of said corporation; evidently seeking thereby to transfer to this jurisdiction the controversy respecting the partition of said lands. The transaction was little more than simulative for jurisdictional purposes. Miller & Lux v. East Side Canal Co., 211 U. S. 293, 29 Sup. Ct. 111, 53 L. Ed. 189; Southern Realty Co. v. Walker, 211 U. S. 603, 29 Sup. Ct. 211, 53 L. Ed. 346.

Waiving this, however, on the pleadings and records before this court the request for decree by the complainant should be denied.

The climax in the role played by Ben T. Castleman in this proceeding was reached when to the supplemental bill he made himself a codefendant. And without waiving answer thereto under oath, he filed answer, under oath, in effect admitting the allegations of what would be regarded as a bill of complaint in his own behalf, and pleaded mat-

ters aliunde, which he conceived would bolster up the suit against the other defendants. Then, without filing replication thereto, had the case set down for hearing on the pleadings and record. It is sufficient to say that this is a farce play, without a moral, not participated in by the real defendants whom he thus sought to compromise. As Ben T. Castleman is a self-assigned defendant in this controversy, and the bill being framed upon the theory that his interests are vested in the complainant, it is not perceived that the latter is entitled to any decree against its other self.

The bill of complaint is dismissed.