AMERICAN CARPET LINING COMPANY *vs.* GEORGE W. CHIPMAN.

Suffolk. January 31, 1888. — March 5, 1888.

Present : MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Equity Practice — Insolvent Debtor — Affidavit — Assignment.*

If a suit in equity is heard on the bill and answer, the allegations of the answer must be taken as true where they conflict with those of the bill.

A petition for a warrant in insolvency against the estate of a debtor may be brought and sworn to by the assignor of a judgment against him, at the request and for the benefit of his assignee.

Under the Pub. Sts. c. 157, § 112, requiring a petition by a creditor for a warrant to seize the estate of an insolvent debtor to be "verified by oath," an affidavit that the allegations in the petition are true according to the best of the knowledge and belief of the affiant, is sufficient.

BILL IN EQUITY, under the Pub. Sts. c. 157, § 15, to vacate proceedings in insolvency instituted against the plaintiff upon the petition of the defendant.

The bill alleged, in substance, that a petition for a warrant in insolvency to seize the estate of the plaintiff was signed by the defendant and filed by him in the Court of Insolvency; that the petition set forth that the defendant, " who brings this petition for the use and benefit of Edward H. Bailey," was a creditor of the plaintiff, and was verified by the following affidavit, sworn to before a justice of the peace : " Personally appeared the above-named George W. Chipman, and made oath that the allegations contained in the foregoing petition are true, according to the best of his knowledge and belief"; that the defendant at the hearing in the Court of Insolvency. in order to establish his right to bring the petition, offered evidence tending to prove that he had recovered against the plaintiff a judgment, which on July 17, 1886, he had sold and assigned, by a deed of assignment in writing, to Bailey; that at such hearing "it was not claimed, and there was no evidence offered tending to prove, that the said Bailey had authorized or empowered the said Chipman to institute proceedings in insolvency against the American Carpet Lining Company, or that the said Chipman had any right or interest in the said judgment debt, or any part thereof, at any time

after the said assignment was made as aforesaid, but it was admitted that the said Bailey was, at the time of bringing said petition and at the time of the hearing, the sole owner of said judgment debt"; that the Court of Insolvency ordered a warrant to issue against the plaintiff; and that the Court of Insolvency erred in deciding that a warrant should issue: " 1. Because the said George W. Chipman was not a creditor of the American Carpet Lining Company. 2. Because said petition was not brought or signed by any creditor of the American Carpet Lining Company, either personally or by an attorney thereto duly authorized. 3. Because it did not appear that said Chipman was authorized or empowered by E. H. Bailey, who was assignee of the judgment debt, to institute proceedings in insolvency against the American Carpet Lining Company. 4. Because the said Bailey was the sole owner of the judgment debt upon which said insolvency proceedings were instituted at the time said proceedings were instituted, and was the only person legally entitled to institute proceedings in insolvency against the American Carpet Lining Company founded upon said judgment debt. 5. Because the petition in said insolvency proceedings was not verified by oath in the manner and form required by law."

The answer, so far as material, was as follows: " This defendant says that he, on the seventeenth day of July, 1886, assigned the judgment set forth in said petition to Edward H. Bailey, of New York City, authorizing him to enforce the collection of said judgment in my name, and as my attorney thereunto duly authorized, but for his own use; that the said Bailey employed Francis S. Hesseltine, counsellor at law, to institute proceedings against the plaintiff corporation in the Court of Insolvency for the county of Suffolk; and that this defendant, at the request of said Hesseltine as attorney of said Bailey,.and on his advice that it was his duty by virtue of his assignment so to do, read, signed, and made oath to the said petition in insolvency; and the said petition was filed, not by this defendant, as alleged by the bill, but by said Hesseltine acting as counsel for said Bailey. That this defendant knows nothing of his own knowledge as to what proceedings took place in the Court of Insolvency upon the hearing upon said petition; that he is informed that Mr. Hesseltine, as attorney of Mr. Bailey, claimed in said court, and

his claim was not called in question, that he was there proceeding in the name of George W. Chipman, judgment creditor, in behalf of said Mr. Bailey, and as his counsel, and that full and sufficient evidence was offered to support all the allegations in said petition ; and that the court, after hearing all the evidence in the case, ordered the warrant to issue. That the said petition, and the oath to the same, was upon a blank form adopted and furnished by the said Court of Insolvency, and was in accordance with the practice of said court."

Hearing upon the bill and answer before *Field,* J., who ordered the bill to be dismissed ; and the plaintiff appealed to the full court.

*J. G. Abbott,* for the plaintiff.

*F. S. Hesseltine,* for the defendant.

DEVENS, J. The case having been heard upon bill and answer, the allegations of the answer must be taken as true where they are in conflict with those of the bill. *Perkins* v. *Nichols,* 11 Allen, 542. From these it appears that Chipman, who had recovered a judgment against the petitioner, had assigned the same to one Bailey, with full authority to collect it in Chipman's name and as his attorney ; that proceedings in insolvency against the plaintiff were instituted by Bailey, acting through his attorney, Francis S. Hesseltine, who was instructed to institute such proceedings ; that the defendant, being advised that it was his duty so to do, read, signed, and made oath to the petition ; and that the petition, which purported on its face to be for the use and benefit of Bailey, was not filed by the defendant, but by Bailey acting through his attorney. As to what took place at the hearing upon the petition in the Court of Insolvency the defendant avers that he knows nothing, but " is informed that Mr. Hesseltine, as attorney of Mr. Bailey, claimed in said court, and his claim was not called in question, that he was there proceeding in the name of George W. Chipman, judgment creditor, in behalf of said Bailey, and as his counsel, and that full and sufficient evidence was offered to support all the allegations in said petition." This certainly does not deny in clear terms the statement of the bill, that no evidence was offered at the hearing on the petition that Bailey had authorized or empowered Chipman to institute proceedings in insolvency against the plaintiff. It does not even

aver the belief of the defendant of that of which he is informed. But if in fact the proceeding was instituted and conducted by Bailey through his attorney, Chipman acting only at his request as having the legal title to the judgment, and a warrant was issued on such a proceeding, whether proof of this was or was not made at the hearing, the warrant then issued should not be set aside, as it would be shown that the court actually had the jurisdiction which it exercised. That the proceeding was thus instituted and conducted appears clearly from the averments of the answer. Such a proceeding might be initiated by Bailey through Chipman. The legal title to the judgment debt was still in Chipman, and Bailey's interest was equitable only.

The general rule in Massachusetts is, that suits upon choses in action non-assignable in their character must be brought in the name of the assignor, but that the court will see that neither the rights of the assignee nor those of the defendant are prejudiced. *Clark* v. *Parker*, 4 Cush. 361. *Moore* v. *Coughlin*, 4 Allen, 335. *Goodrich* v. *Stevens*, 116 Mass. 170. *Moore* v. *Spiegel*, 143 Mass. 413. To this there are some statutory exceptions not necessary now to be noticed. Pub. Sts. c. 157, § 109. Whether Bailey might also have proceeded by a petition signed by himself, and setting forth the transfer to him of the judgment recovered by Chipman, it is not necessary now to decide.

The allegations of a petition, though on oath, are not evidence at the hearing. They form the ground for a notice to a debtor, and for a hearing of the case. While the statute requires that it shall be made by a creditor, it is settled that it may be made by his attorney. *O'Neil* v. *Glover*, 5 Gray, 144. On this principle, it certainly would seem that one having the legal title to a claim might properly bring such a petition at the request and for the benefit of his assignee; nor is the fact that Chipman has assigned his debt any reason why he may not make oath to its existence. The oath is to be construed in connection with the statement that the petition is for the benefit of Bailey, and alleges that it is made for the benefit of Bailey.

The plaintiff also urges that the original petition was not verified by oath, as required by law, the allegations therein being alleged to be true according to the petitioner's best knowledge and belief. This form of oath is obviously the only form that in

many cases could be safely used, as the facts going to establish an act or acts of insolvency must often be numerous, complicated, and ascertained in various ways and from various sources. So far as we have been informed as to the practice in courts of insolvency, it has been in general use, and the forms provided by some at least of them contemplate that it will be adopted. The counsel attaches much importance to the words which declare that the petition shall contain a statement of the facts and the nature of the claim " verified by oath," and contends that these words can be satisfied only by a positive oath to the truth of the allegations, and that an oath " to the knowledge and belief " of an affiant in no way satisfies the requisitions of the statute. The St. of 1844, c. 178, § 9, providing for proceedings in involuntary insolvency, used the same phrase, and it was held in *O'Neil* v. *Glover*, *ubi supra*, after a full argument of the question, that an affidavit that the facts stated in a petition for a warrant in insolvency against a debtor are true, according to the best knowledge and belief of the party making it, was sufficient to justify the issuing of a warrant.

The cases in which it has been held that, where an affidavit must by statute have been made by some person described, who from the nature of his position had or should have had actual knowledge of the facts testified to, it was not sufficient that the verification should be according to the best knowledge and belief of the affiant, do not govern the case at bar. Thus, in *Taylor* v. *Wright*, 121 Ill. 455, cited by the plaintiff, it appears that by the statute of Illinois the purchaser of an estate sold for taxes, or his assignee, was required three months before the expiration of the two years limited for redemption to serve notice of his purchase upon the person in actual possession and occupancy of the land, if such person could be found in the county. If no such person could be found on diligent inquiry, publication of notice was to be made in some newspaper published in the county. It was then provided, " Every such purchaser or assignee, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied " with the previous provision, " stating particularly the facts," &c. It was held that such affidavit must state positively that it was made by the purchaser, his assignee, or his agent, and must also state as a

fact that no one was in actual possession or occupancy of the land when the notice was served by publication, constructive possession or occupancy being contemplated by statute. It was further held, that, when the statement as to actual possession or occupancy was made upon belief only, the affidavit was not sufficient. It will be readily observed that in this case the affidavit was required to be made by a person who was not permitted to depend upon the information of others.

The plaintiff relies much, also, upon the recent decision in *Hadley* v. *Watson*, 143 Mass. 27, as supporting his contention. For similar reasons this case is quite distinguishable from that at bar. Where a party seeks to control the certificate of a judge rendered under the sanction of his official oath, and to prove exceptions to alleged rulings made by him, which he declines to allow as not being in conformity with the truth, a corresponding directness of assertion to the contrary by affidavit is to be expected before the matter is to be investigated. Especially is this so when the facts are not complicated nor derived from various sources, nor dependent upon the intelligence or good faith of others, but, if they exist at all, must exist to the personal knowledge of the plaintiff himself or his counsel at the trial, and generally of both. There is no hardship in such a case in requiring that the affidavit which is intended to sustain his petition should be in positive terms. While the words used in regard to a petition to prove exceptions are the same as those used in reference to petitions by a creditor in involuntary proceedings in insolvency, they are applied to quite a different subject, and the construction to be given to them in either case must be that which is demanded by the connection in which they stand.

                                                    *Bill dismissed.*