## MOUND CITY CO. v. CASTLEMAN et al.

(Circuit Court of Appeals, Eighth Circuit. May 8, 1911.)

No. 3,417.

### (Syllabus by the Court.)

1. APPEAL AND ERROR (§ 895*)—EQUITY—TRIAL DE NOVO—IMMATERIAL ER-RORS.

An appeal in a suit in equity invokes a trial de novo in the appellate court, and a just and final decision if that be possible.

Where, therefore, the decree below was clearly right, and the result could not have been otherwise if alleged errors in the proceedings had not been committed, such errors must be disregarded, and the decree will be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3648; Dec. Dig. § 895.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 497*)—CONFLICT OF JURISDICTION—COURT WHICH FIRST AC-
QUIRES CUSTODY EXCLUDES JURISDICTION OF OTHERS.

The lawful custody of specific property by a court of competent juris-
diction withdraws that property, so far as necessary to accomplish the
purpose of the custody, and until that purpose is accomplished, from the
jurisdiction of every other court.

The court which first acquires the lawful jurisdiction of specific prop-
erty by the seizure thereof, or by the due commencement of a suit from
which it appears that it is or will become necessary to a determination
of the controversy involved, or to the enforcement of its judgment or
decree therein for the court to seize, to charge with a lien, to sell or to
exercise other like dominion over it, thereby withdraws that property
from the jurisdiction of every other court so far as necessary to ac-
complish the purpose of the suit, and entitles that court to retain the
control of it requisite to give effect to its final judgment or decree free
from the interference of every other tribunal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1386; Dec. Dig.
§ 497.*]

3. COURTS (§ 506*)—CONFLICTING JURISDICTION—STAY—PENDENCY OF AN-
OTHER ACTION IN STATE COURT.

When a state court has secured by proper process the custody or
dominion of specific property which it is one of the objects of a sub-
sequent suit in the federal court between the same parties concerning
the same matter to subject to its judgment or decree, the latter suit
should not be stayed or dismissed, but should proceed as far as may be
without creating a conflict concerning the possession or disposition of
the property, and then, if need be, be stayed until the proceedings in the
state court have been completed, or time for their termination has elapsed.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 506.*

Conflict of jurisdiction with state courts, see note to Louisville Trust
Co. v. City of Cincinnati, 22 C. C. A. 356.]

4. ACTION (§ 64*)—SUIT COMMENCED BY FILING PETITION.

A suit is commenced at the time of the filing of the complainant's
petition with the bona fide intention to prosecute the suit with diligence,
provided there is no detrimental or unreasonable delay in the issue or
service of process.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 725–734; Dec.
Dig. § 64.*]

5. JUDGMENT (§ 713*) — RES ADJUDICATA — SUBJECT-MATTER — ALL MATTERS
ADMISSIBLE.

In an action between the same parties, or those in privity with them,
upon the same claim or demand a decision upon the merits is conclu-
sive, not only as to every matter offered, but as to every admissible mat-
ter which might have been offered, to sustain or defeat the claim or de-
mand.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1241; Dec. Dig.
§ 713.*]

6. JUDGMENT (§ 713*)—RES ADJUDICATA—FORMER JUDGMENT—FACTS—CON-
CLUSION.

One of two sons commenced a suit in the state court against the other
son and the widow of the complainant's deceased father to partition
616 acres of land of which he died seised, and issued a summons. Be-
fore the summons was served the defendant son conveyed his share of
the property to a corporation of another state, which commenced a like
suit against the complainant son and widow, and a trustee, to whom 229
acres of the land had been conveyed to secure the payment to the lender
of $2,600. This trustee and the lender were subsequently made parties
to the suit in the state court, and a final decree in partition was rendered
therein. In the suit in the federal court the corporation averred that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$23,000 had been advanced to the complainant in the suit in the state court by the father before his decease, and asked an accounting and a proper allowance on account of this advancement in the partition, but this claim was never presented in the suit in the state court.

*Held*, the suit in the state court was first commenced, and the decree of that court conclusively estopped the corporation from maintaining any claim which might have been presented to and adjudicated by the state court in the partition suit there, either on account of the alleged advancement or otherwise, to any of the land not adjudged to its grantor by that decree.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1241; Dec. Dig. § 713.*]

7. EQUITY (§ 340*)—HEARING ON BILL AND ANSWER—ALLEGATIONS ADMITTED.

When a suit is heard on bill and answer, the allegations of fact in the bill that are denied in the answer are to be taken as disproved and the averments of fact in the answer whether responsive to the bill or not stand admitted.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 697–710; Dec. Dig. § 340.*]

Appeal from the Circuit Court of the United States for the Western District of Missouri.

Bill by the Mound City Company against Robert H. Castleman and others. From a decree (177 Fed. 510) dismissing the bill, complainant appeals. Affirmed.

See, also, 171 Fed. 520.

Chester H. Krum, for appellant.

John Cosgrove and W. M. Williams, for appellees.

Before SANBORN and HOOK, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. [1] This appeal questions a decree of dismissal of a suit brought on May 2, 1907, by the Mound City Company, a corporation of New Jersey, and the grantee under a deed made March 30, 1907, by Ben T. Castleman, a son and heir of David Castleman, against Robert H. Castleman, the only other son of David Castleman, Ida May Castleman, his widow, one Whitlow, a trustee named in a trust deed of a portion of the property to secure a loan of $2,600, and the lender, for the purpose of obtaining a decree of partition of about 616 acres of land in the state of Missouri which was the property of the deceased. The proceedings in this suit have been many and tedious. An original bill, two supplemental bills, pleas, answers, exceptions to answers, and numerous rulings in the progress of the cause have presented favorable opportunities for alleged errors that counsel for the appellant has not failed in his assignment to specify, and to take every possible advantage of. But an appeal in a suit in equity invokes a trial of the case de novo by the appellate court and demands, where that is possible, a just and final decision. When, therefore, the record clearly shows that the decision below was right, and that alleged errors, if they existed, could not have affected adversely to the appellant the final result, the decree must be affirmed. The record in hand presents such a case. It leaves these facts indubitably established.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On May 20, 1907, Robert H. Castleman filed his petition in the state circuit court of Cooper county, Mo., against Ben T. Castleman and Ida May Castleman to obtain a decree of partition of the same land which is described in the supplemental bill of the Mound City Company in this suit. He caused a summons to issue upon this petition on March 25, 1907, which was served on Ida May Castleman on April 2, 1907, and on Ben T. Castleman on May 13, 1907. All the parties to that suit were residents and citizens of Missouri. After the petition was filed Ben T. Castleman sold and on May 30, 1907, conveyed to the Mound City Company, a corporation, of which he was the president, his undivided interest in the land which was the subject of that suit for stock of that company of the par value of about $20,000, and two days thereafter that company exhibited its bill in this suit which is signed by it, "By Ben T. Castleman, its President." In October, 1907, the trustee, Whitlow, and his cestui que trust, were made parties to the suit in the state court and on December 28, 1907, a final decree was rendered therein by which the 616 acres of land were divided between Ida May Castleman, Ben T. Castleman, and Robert H. Castleman, and specific parts thereof were set off and adjudged to each of them respectively.

In view of these facts the court below dismissed the bill in this suit on February 10, 1910, and on the next day the corporation appealed to this court. On March 5, 1910, Ben T. Castleman made a quitclaim deed of that specific tract of land adjudged to him by the decree of the state court to one Henry G. Fray, and on March 16, 1910, he made a quitclaim deed of the tract set off to Ida May Castleman to the same grantee. On the same day the Mound City Company by a warranty deed conveyed the land which was the subject of the suits to Henry G. Fray. A motion has been made founded upon these deeds to dismiss this appeal on the ground that the case has become a moot one, but that motion is passed without consideration because the decision of the merits of the case leads to the same result that the granting of the motion would bring about.

[2] The court which first acquires the lawful jurisdiction of specific property by the seizure thereof or by the due commencement of a suit from which it appears that it is or will become necessary to a determination of the controversy involved or to the enforcement of its judgment or decree therein for the court to seize, to charge with a lien, to sell or to exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court so far as necessary to accomplish the purpose of the suit, and entitles that court to retain control of it requisite to effectuate its final judgment or decree therein free from the interference of every other tribunal. Farmers' Loan & Trust Co. v. Lake Street R. R. Co., 177 U. S. 51, 61, 20 Sup. Ct. 564, 44 L. Ed. 667; Lang v. Choctaw, Oklahoma & Gulf R. Co., 87 C. C. A. 307, 311, 160 Fed. 355, 359; Sullivan v. Algren, 87 C. C. A. 318, 322, 160 Fed. 366, 370; Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981; Central Bank v. Stevens, 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed.

807; Williams v. Neely, 67 C. C. A. 171, 185, 134 Fed. 1, 15, 69 L. R. A. 232; Barber Asphalt Pav. Co. v. Morris, 66 C. C. A. 55, 58, 132 Fed. 945, 948, 67 L. R. A. 761; Gates v. Bucki, 53 Fed. 961, 969, 4 C. C. A. 116, 128, 129.

[3] And the jurisdiction of a court over the subject-matter or a cause once lawfully acquired includes the power to enforce its judgment or decree and to protect the titles of those holding under it from any attempt to avoid or annul them. Lang v. Choctaw, Oklahoma & Gulf R. Co., 87 C. C. A. 307, 312, 160 Fed. 355, 360; Chicot County v. Sherwood, 148 U. S. 529, 533, 534, 13 Sup. Ct. 695, 37 L. Ed. 546; Julian v. Central Trust Co., 193 U. S. 93, 112, 24 Sup. Ct. 399, 48 L. Ed. 629; Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; Barber Asphalt Pav. Co. v. Morris, 132 Fed. 945, 949, 66 C. C. A. 55, 59, 67, 67 L. R. A. 761; Brun v. Mann, 80 C. C. A. 513, 151 Fed. 145, 12 L. R. A. (N. S.) 154. The fact clearly appeared from the petition as soon as it was filed in the suit in the state court that it would become necessary to a complete determination of the issues tendered and to the enforcement of the decree sought for that court to exercise its dominion over the specific land described in the petition and to divide or sell it. The commencement of that suit, therefore, withdrew that land from the jurisdiction of the federal court below and from the jurisdiction of every other court so far as necessary to give effect to the final decision and decree in the state court and gave to that court the power to retain the control over it requisite to protect the titles of those who should hold under its decree.

[4] Although the summons in the suit in the state court was not issued until March 25, 1907, and was not served until May 13, 1907, 11 days after the suit in the federal court was commenced, yet the former suit was commenced and the state court acquired the legal custody of the land on March 20, 1907, when the petition in that suit was filed. A suit is commenced by the filing of the petition or bill with the honest intention to prosecute the suit diligently provided there is no detrimental or unreasonable delay in the subsequent issue or service of the process. Farmers' Loan & Trust Co. v. Lake Street R. R. Co., 177 U. S. 51, 60, 20 Sup. Ct. 564, 44 L. Ed. 667; Armstrong Cork Co. v. Merchants' Refrigerating Co. (C. C. A.) 184 Fed. 199, 206; Gosline v. Thompson, 61 Mo. 471; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 332, 334, 21 S. W. 811; McGrath v. St. Louis, K. C. & C. R. Co., 128 Mo. 1, 30 S. W. 329; Becker v. Stroeher, 167 Mo. 306, 66 S. W. 1083; State v. Wilson, 216 Mo. 215, 115 S. W. 549 The suit against Ben T. Castleman in the state court was therefore pending, and that court had the legal custody of the 616 acres of land and of the right of Castleman therein for the purpose of adjudicating his title and interest in it 10 days before he conveyed that interest to the Mound City Company, and the latter company took all its right and claim to the land pendente lite and stood from the date of its purchase in the shoes of Ben T. Castleman and was equally with him bound by the proceedings and the decree therein. Becker v. Stroeher, 167 Mo. 306, 321, 66 S. W. 1083; Holloway v. Holloway, 103 Mo.

274, 283, 284, 15 S. W. 536; Hart v. Steedman, 98 Mo. 452, 456, 457, 11 S. W. 993.

Counsel for the appellant argue that the state court had no jurisdiction to partition the 229 acres which was subject to the trust deed to Whitlow because the latter was not a party to the suit and the base fee to that part of the land was vested in him. But it had jurisdiction of all of Ben T. Castleman's interest in the land, and hence of every right and interest therein that the appellant ever acquired, and also of all the rights and interests in the land of Ida May Castleman and Robert H. Castleman, the only parties who had undivided rights and interests with Ben T. Castleman and the only indispensable parties to the partition suit between them. Stevens v. Stevens, 172 Mo. 28, 37, 40, 72 S. W. 542.

Whitlow and his cestui que trust were subsequently, by amendment to the petition, lawfully made parties to the suit in the state court before the decree therein was rendered. The Mound City Company by its purchase of Ben T. Castleman pendente lite took its interest subject to any such lawful subsequent amendment and the final decree rightly adjudicated the rights of all these parties in the 229 acres as well as in the balance of the land. There was no lack of any requisite jurisdiction in the state court either of the land or of the indispensable parties to the partition suit when the Mound City Company purchased the right and interest of Ben T. Castleman, and at any time after it obtained that deed it might have been made a party to the suit, and have presented and secured an adjudication of every claim it had to the land and to the amount of its share therein. Revised Statutes Missouri 1899, § 4378.

[5] It is contended that the subject-matter of the suit in the state court was not the same as that in the court below, because the former sought partition alone, and the latter sought to charge Robert H. Castleman with an advancement of $23,000 by his father in his lifetime and a partition which should take cognizance of that advancement and divide the property accordingly. But the Mound City Company's claim regarding this advancement was susceptible of adjudication in the suit in the state court upon its own answer or upon an answer made by Ben T. Castleman who was a party to that suit, by whose defense and its adjudication the Mound City Company was bound. Green v. Walker, 99 Mo. 68, 73, 74, 12 S. W. 353; Gunn v. Thruston, 130 Mo. 339, 32 S. W. 654. In a suit between the same parties or those in privity with them upon the same claim or demand a decision upon the merits is conclusive, not only as to every matter offered but as to every matter which might have been offered to sustain or defeat the claim or demand. Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; Board of Com'rs v. Platt, 79 Fed. 567, 571. 25 C. C. A. 87, 91; Board of Com'rs v. Sutliff, 38 C. C. A. 167, 170, 97 Fed. 270, 273, 274; James v. Germania Iron Co., 46 C. C. A. 476, 496, 107 Fed. 597, 617.

[6, 7] The litigation here in question in both suits was between Robert H. Castleman, on the one hand, and Ben T. Castleman and the Mound City Company which was in privity with him, on the other,

and the subject-matter of each of the suits was the amount of the shares of the 616 acres of land which belonged to these parties respectively. The litigation in each of the suits was between the same parties or those in privity with them, and in view of the fact that no replication to the answers to the last supplemental bill was filed, so that every allegation in that supplemental bill denied by the answer of Robert H. Castleman must be taken as untrue and every averment of his answer as true, whether responsive to that supplemental bill or not (Perkins v. Nichols, 11 Allen (Mass.) 542; American Carpet Lining Co. v. Chipman, 146 Mass. 385, 16 N. E. 1; Banks v. Manchester, 128 U. S. 244, 9 Sup. Ct. 36, 32 L. Ed. 425; People's United States Bank v. Gilson, 88 C. C. A. 332, 337, 161 Fed. 286, 291; Tainter v. Clark, 5 Allen (Mass.) 66; Brinckerhoff v. Brown, 7 Johns. Ch. (N. Y.) 217; United States v. Trans-Missouri Freight Ass'n, 58 Fed. 58, 77, 7 C. C. A. 15, 34, 24 L. R. A. 73), neither Ben T. Castleman nor the Mound City Company had any affirmative or defensive matter which they could not have presented to and have had adjudicated in the state court. The result is that all the issues in this case are rendered res adjudicata by the decree of that court which first acquired jurisdiction of the subject-matter of this suit and of the indispensable parties to this litigation, and the court below rightly dismissed the bill.

This result is not founded on the conclusion that there was no error in any of the proceedings in the court below, but upon the ground that if the errors alleged had not been committed the result could not have been otherwise. For example: When the court below discovered that there was a prior suit pending in the state court between the same parties concerning the same specific property that court should not have stayed the prosecution of this suit, but should have proceeded with it as far as it could do so without creating a conflict regarding the possession or disposition of the property, and then, if there had been need to do so, it should have stayed its hand until the proceedings in the court of co-ordinate jurisdiction regarding the property were concluded or ample time for their termination had elapsed or that court had relinquished dominion. Boatmen's Bank v. Fritzlen, 68 C. C. A. 288, 305, 135 Fed. 650, 667; Barber Asphalt Pav. Co. v. Morris, 66 C. C. A. 55, 132 Fed. 945, 949, 67 L. R. A. 761; Zimmerman v. So Relle, 25 C. C. A. 518, 521, 80 Fed. 417, 420; Williams v. Neely, 67 C. C. A. 171, 134 Fed. 1, 69 L. R. A. 232; Gates v. Bucki, 53 Fed. 961, 965, 4 C. C. A. 116, 120; McClellan v. Carland, 187 Fed. 915. But if the court below had done so the decree in the state court would nevertheless have rendered all the issues in this suit res adjudicata and would have necessitated a dismissal of this bill. The decree which dismissed it is accordingly affirmed.

HOOK, Circuit Judge. I concur in the result. The opinion contains some broad statements of principles which I think are beyond the needs of the case. As to them I withhold my judgment.