Isidor Weiss and Another, Plaintiffs, *v.* Fox Theatres Corporation and Others, Defendants.*

Supreme Court Kings County, March 18, 1930.

* See 229 App. Div. 745.   See, also, *Fox* v. *Bankers Trust Co.* (136 Misc. 63).

*Marshall, Wehle & Hinckley* [*J. Markham Marshall* of counsel], for the plaintiffs.

*Guggenheim, Untermyer & Marshall* [*Alvin Untermyer* of counsel], for the defendants William Fox and Fox Film Corporation.

*Hirsh, Newman, Reass & Becker* [*Benjamin Reass* of counsel], for the defendant Fox Threatres Corporation.

*Beekman, Bogue & Clark* [*Morton G. Bogue* of counsel], for the defendant Halsey Stuart & Co., Inc.

*Greene & Hurd* [*Richard T. Greene* of counsel], for the defendant Electrical Research Products, Inc.

DIKE, J. This action is by two stockholders of Fox Theatres Corporation, a New York corporation, against Fox Theatres Corporation, William Fox, Fox Film Corporation, Halsey Stuart & Co., Inc., Electrical Research Products, Inc., Nicholas M. Schenck and David Bernstein. The controversy centers around an alleged excessive price paid for certain common stock of Loew's, Inc., by reason of an alleged conspiracy of the defendants above named and Halsey Stuart & Co., Inc., Electrical Research Products, Inc., and also Nicholas M. Schenck and David Bernstein, alleged officers and directors of Loew's, Inc. All of these are alleged to have reaped large profits by purchasing the Loew stock at a lower figure than that at which it was sold to the theatres corporation. The relief requested is for an order from this court enjoining and restraining, pending the final hearing and determination of this action, the defendants William Fox, Fox Film Corporation, Fox Theatres Corporation, Halsey Stuart & Co., Inc., and Electrical Research Products, Inc., their agents, officers, etc., from suffering or permitting the enforcement of, or from the enforcement of any claim or claims, which any of said defendants may have or assert, or claim to have, against the theatres corporation, resulting from or growing out of any of the acts or transactions set forth in the complaint; and further that they be enjoined and restrained pending the final hearing and determination of this action from putting into effect any plan or plans for financing or refinancing the defendant Fox Film Corporation or the defendant Fox Theatres Corporation which contains a provision or provisions which will effectuate or make permanent the acquisition by the defendant Fox Theatres Corporation of the stock of Loew's, Inc. Pending the hearing and determination of this motion the defendants have been enjoined from

suffering or permitting the enforcement of, or from the enforcement of, any claim or claims which any of said defendants may have or assert or claim to have, resulting from or growing out of any of the acts or transactions set forth in the complaint or from putting into effect any plan or plans for the financing or refinancing the defendant Fox Film Corporation which would effectuate or make permanent the acquisition by the defendant Fox Theatres Corporation of the stock of Loew's, Inc., or which contains any provision or provisions recognizing, ratifying or confirming in any manner or way the existence of any indebtedness on the part of the defendant Fox Theatres Corporation or any of said defendants. Plaintiffs ask for much. They should receive some relief. It were idle in this application to set forth any extended analysis of the numerous and elaborate pleadings.

The specific demand in the complaint is that 660,900 shares or all of the shares of Loew's, Inc., mentioned in the complaint for account of the theatres corporation be sold for the best obtainable price and that pending such sale these certain parties be enjoined and restrained, and that if there is any deficiency on such sale between the cost to the theatres corporation of the stock of Loew's, Inc., after the payment of interest, costs and charges, the defendants William Fox, the Fox Film Corporation, Halsey Stuart & Co., Inc., Electrical Research Products, Inc., Nicholas M. Schenck and David Bernstein, account to the theatres corporation for such deficiency. There is also asked for a restraining order that the above parties be enjoined and restrained from enforcing any claim in law or in equity which said defendants may have against the defendant the theatres corporation.

It would appear that Halsey Stuart & Co., Inc., had a preferential right to do all financing of Fox Film Corporation and Fox Theatres Corporation under a certain contract. It appears that a loan of $10,000,000 to the Fox Film Corporation was arranged at the request of Mr. Fox by Halsey Stuart & Co., Inc. The transaction developed certain details in the plan of financing, and representations were made that the acquisition of the Loew stock was being arranged for the ultimate purpose of effecting a merger or consolidation or amalgamation of the assets and physical properties of Loew's, Inc., Fox Theatres Corporation and Fox Film Corporation with certain details to be worked out later. It was represented to Halsey Stuart & Co., Inc., as I may judge, that Electrical Research Products, Inc., was providing $15,000,000 of the money required to make the purchase of certain common stock of Loew's, Inc.

And now as to the Federal action.

It appears that one Maurice Schutte, on behalf of himself and

other stockholders of Fox Theatres Corporation similarly situated, brought action in the United States District Court, Southern District of New York, against Fox Theatres Corporation, William Fox and others, including the directors of Fox Theatres Corporation. In the Federal court action complaint is made of the acquisition by the theatres corporation of the Loew stock and makes the charge " that said price included a secret profit to the Theatres thereon; " *but in the Federal court action three parties are not included as parties defendant,* the Research Products, Inc., Halsey Stuart & Co., Inc., and the Fox Film Corporation, which *are* named in the instant case. In the Federal action a receiver is prayed for. Other actions apparently have been instituted in the State court, and as one studies the involved situation and realizes that in so short a time this great movie industry with its ever-growing ramifications, branches and phases started from so small a beginning by the defendant Fox, and that in this brief time has developed into such a gigantic entity or octopus, it would absolutely seem as though the author of this titanic enterprise had founded it upon the assumption of the continuation of a bull market which optimistically would have no end and which it seems to me would be a case of the triumph of hope over experience. The natural urge to this court in an application of this kind is towards a broad and comprehensive adjustment which shall preserve in the most generous way the interests of the greater number.

The action now in the Federal court is seeking, it appears, to avoid the appointment of a receiver which has been demanded in that action.

The purpose of the Schutte action was to obtain a receiver, and from the time of the filing of the bill, Judge COLEMAN has been endeavoring to harmonize the various interests represented, among others, by Halsey Stuart & Co., Inc., one of the defendants herein, and Bancamerica-Blair Corporation, who have also submitted a financing plan to stave off the appointment of a receiver.

The present application is addressed to the discretion of the court as to whether the relief here demanded shall be granted or *some relief* for the theatres corporation which shall not trespass upon the jurisdiction acquired by the Federal court upon the " res."

It becomes obviously necessary for the court to determine whether there is likelihood that the plaintiffs herein may succeed upon a trial of the action.

My disposition is to carefully avoid any suggestion of infringing upon the power of the Federal court, feeling that ultimately that forum will be able to adjust all of the various factions that have joined in this involved litigation.

" The court which first acquires the lawful jurisdiction of specific property by the seizure thereof or by the due commencement of a suit from which it appears that it is or will become necessary to a determination of the controversy involved or to the enforcement of its judgment or decree therein for the court to seize, to charge with a lien, to sell or to exercise other like dominion over it, thereby withdraws that property from the jurisdiction of every other court so far as necessary to accomplish the purpose of the suit, and entitles that court to retain control of it requisite to effectuate its final judgment or decree therein free from the interference of every other tribunal." These are the words in the case of *Mound City* v. *Castleman* (187 Fed. 921). The spirit of cases of this kind causes me to avoid infringing upon the Federal court. The two actions (the instant one and the Federal one) are *distinguishable*. It is urged by Halsey Stuart & Co., Inc., that the Federal court has never taken possession of the property of Fox Theatres Corporation or Fox Film Corporation, constructively or otherwise. Indeed, it is the contention of the defendant Halsey Stuart & Co., Inc., that the stockholders should be free to choose a financial plan which is most for the benefit of the stockholders and the corporation. But I understand this has been done and the Bancamerica plan was adopted.

As I read the papers here, I am in doubt of any real evidence of fraud against some of these defendants and that the likelihood of success against them would be more than problematical and on the trial such defendant would be eliminated.

It is with the *Fox Theatres Corporation* that I am chiefly concerned, and the conspiracy here charged has to do with the effort to bring about a merger of the film corporation with Loew's, Inc. The film corporation, we find, lends the theatres corporation $18,000,000. The Electrical Research Products, Inc., lends the theatres corporation the notes indorsed by the film corporation, $15,000,000. The position of Halsey Stuart & Co., Inc., was that of the legal agents and I doubt if their activities could be included in any conspiracy. It seems to me that a determination of the instant case would aid, rather than impede, the situation submitted to the learned Federal judge. The defendant Fox here in the trial of this action might be able to cast a light upon some of the combinations that are difficult to follow and could point the way out of this financial maze and in that way bring about an early clarification of much that is now difficult to understand.

It is the *status quo* that is really being sought by the plaintiffs herein, who cannot have all that they have asked for but, it seems to me, have the right to an injunction restraining any acts or things

which will or which may prejudice irremediably any rights of these plaintiffs and the Fox Theatres Corporation.

In the two plans which have been submitted, as I understand it, there is to be an issuance by the theatres corporation of debentures in negotiable form with certain rights in negotiable form to the theatres corporation stockholders, subscriptions for which are to be asked. I do not deem it essential to make any analysis of these proposed plans.

How can these plaintiffs and the Fox Theatres Corporation be best protected?

If and when these debentures of the theatres corporation are placed in the treasury of the film corporation their receipt by the film corporation should be without prejudice to the rights of the plaintiffs or the theatres corporation and provided also that the film corporation be enjoined pending this action from disposing of the debentures or from seizure rights or warrants in negotiable form to subscribe to the debenture. If such rights are issued subject to this action they could easily be so issued subject to this action and with such protection as would be indicated by the interested parties herein.

It seems to me that this would preserve the *status quo.*

It seems to me that in so doing there is no embarrassment for those interested in the Federal action before Judge COLEMAN.

Innocent purchasers of any of these securities above mentioned will be protected and in this way we arrive at a minimum of hindrance and inconvenience upon the Fox interests and in no wise encroach upon the prerogatives and jurisdiction of the Federal court.

It is also urged here that so far as the defendant Halsey Stuart & Co., Inc., is concerned, the restraining order extend to the claim against the theatres corporation which represents their compensation for services alleged to have been rendered in bringing about a merger of the film corporation, theatres corporation and Loew's, Inc. This issue could properly be tried with the issues herein and would greatly facilitate the early determination of this matter.

I, therefore, grant the motion of the plaintiffs in the manner indicated above. The question of any bond, if that should arise, may be taken up in any conference with counsel and the court.